EPAMINONDAS W. BUELL vs. EDWARD W. CHAPIN.

A. sent a promissory note by mail to B. for collection, who forwarded it by mail to C. with
a request for C. to collect it, and wrote to A. what he had done, who then wrote to C.
that he had received B.'s letter " saying he had forwarded the note to you for collection,"
and directed C. to " forward " the proceeds when collected. *Held,* that this letter war-
ranted C. in believing that he was authorized to forward the proceeds of the note to A.
by mail.

There is no rule of law that the United States postal service is a less safe or appropriate
means of sending money than a private carrier or banker; but whether it is so in any
particular case is a question of fact, depending on the amount to be sent, the proportion-
ate expense of different modes of transmission, the time and distance intervening, the
usage in similar cases, and all other circumstances of the transaction.

CONTRACT on an account annexed for fifty-eight dollars col-
lected from Charles H. Tower. The answer admitted the receipt
of the money by the defendant; but alleged that he collected it
as attorney of the plaintiff, to whom he sent it in pursuance
of his directions.

At the trial in the superior court, before *Devens,* J., " it was
not disputed that the defendant received the money under the
following circumstances: The plaintiff, who lived at Pittsfield,
inclosed and sent by mail a promissory note against Tower
(payable to his own order and indorsed in blank) to George M.
Stearns, an attorney-at-law at Chicopee, in a letter," as follows:
" Pittsfield, July 16, 1866. George M. Stearns, Esq. Inclosed I
send you a note against Charles H. Tower, a tinner in your
place. Please collect and send me before August 1, if possible.
Balance due, interest and all, a little over $60. Please let me
hear from you in a day or two. Mr. Tower is in Holyoke."
Stearns sent the letter and the note by mail to the defendant,
who was an attorney-at-law in Holyoke; and asked the defend-
ant to collect the note; and wrote to the plaintiff what he had
done. The plaintiff then wrote to the defendant a letter from
Pittsfield, under date of August 8, stating that the plaintiff had
received a letter from Mr. Stearns, " saying he had forwarded a
note to you for collection against Charles H. Tower;" directing
the defendant to " deduct the expense of collection from the
amount, (if Tower pays it promptly,) and forward me the bal-

ance;" and inclosing the plaintiff's business card, on which was printed the street, and the number on the street, of the plaintiff's address in Pittsfield. "On August 16 the defendant collected fifty-eight dollars upon said note, in small bills, which he changed into large bills, and the same day inclosed said large bills, five in number, in a letter, and mailed the same at Holyoke, properly directed to the plaintiff at Pittsfield, as set forth on the card. The plaintiff never received said letter, although he made repeated inquiries therefor at the post-office as soon as he learned it had been sent by mail."

"The defendant introduced testimony of business men to facts tending to show that the mail was a reasonably safe, and was a proper, mode of transmission of money in sums of this amount and larger amounts; and contended that he was authorized by the plaintiff to send the money for him, and was only bound to exercise reasonable care and a sound and honest judgment in complying with the orders of his principal, and also that the jury would, if they so believed, be authorized to find that the post-office and mail was a reasonably safe and proper conveyance and mode of transmission of a sum of money of this amount. The judge ruled that the defendant was not authorized to send the money by mail; that there was no question in the case for a jury; that if all the matters relied on by the defendant were true they would constitute no defence, and directed a verdict for the plaintiff." The defendant alleged exceptions.

*G. M. Stearns & E. W. Chapin,* for the defendant.

*H. Morris,* for the plaintiff. It was the defendant's duty to give the plaintiff notice of the collection of the money and request instructions how to transmit it. If he undertook to transmit it without express instructions, he should have done so by draft or express, rather than by mail. *Gurney* v. *Howe,* 9 Gray, 104. *Crane* v. *Pratt,* 12 Gray, 348. On the pleadings, he contends only that he was authorized to send the money; not necessarily by mail. The previous dealing of the plaintiff with the defendant was by the plaintiff's mailed letter of August 8; but in that letter nothing valuable was inclosed. From the fac⁺

that the plaintiff sent the note by mail from Pittsfield to Stearns at Chicopee, it does not follow that the defendant was warranted in sending the money by mail from Holyoke to Pittsfield, the routes and consequently the risks not being the same.

GRAY, J. The court is unanimously of opinion that the defendant is entitled to a new trial. In regard to the transmission of money by mail, there is a distinction between the relation of creditor and debtor and that of principal and agent. A debtor is bound to pay his creditor in person or his authorized agent, and does not fulfil his obligation by making all reasonable efforts to transmit to the creditor the amount of the debt; and therefore depositing in the post-office a letter containing the money and addressed to the creditor does not discharge the debt, unless, by the creditor's express direction or assent, the usual course of dealing between the parties, or other facts from which such direction or assent may be inferred, the creditor has authorized the money to be thus delivered to him. *Gurney* v. *Howe*, 9 Gray, 404. *Crane* v. *Pratt*, 12 Gray, 348. But an agent employed to collect a debt and remit the proceeds is bound only to use ordinary and reasonable skill and diligence, either in collecting the amount or in sending it to his principal, except so far as his discretion is limited by positive instructions. *Kingston* v. *Kincaid*, 1 Wash. C. C. 457. *Mechanics' Bank* v. *Merchants' Bank*, 6 Met. 26, 27. If indeed the principal directs his agent to send the money in a certain way or by a particular channel, transmitting it in a different mode is evidence of negligence. But there was no such direction in this case. The only letter from the plaintiff to the defendant used the same word, "forward," in instructing him what to do with the money collected, as in mentioning the transmission to him of the evidence of the claim, which had in fact been made through the mail; and warranted the defendant in believing that he was authorized to transmit the money in the same manner. *Morgan* v. *Richardson*, 13 Allen, 410. There is no rule of law that the post-office established by the government for the purpose of carrying letters is a less safe or appropriate means of forwarding money than a private carrier or banker. Whether it is so in any particular case is a question

of fact, depending upon the amount to be sent, the proportion ate expense of different modes of transmission, the time and distance intervening, the prevailing usage in similar cases, and other circumstances surrounding the transaction, all which are proper for the consideration of the jury.

*Exceptions sustained.*