Nash, J.
The important matter of contention in this action is as to whether Marx Bernstine had the right to maintain this action. On behalf of the defendants in error it is claimed that the action should have been brought by the consignees, M. B. Bernstine & Co. This court is unanimously of the opinion that Marx Bernstine was the proper party plaintiff in the court of common pleas. Marx Bernstine, the debtor, was bound to pay his creditors, M. B. Bernstine & Co., in person. Buell v. Chapin, 99 Mass., 594. From this duty he could only be relieved by authority from his creditors, either express or implied, to pay to some one else. By the letter of January 20, 1879, M. B. Bernstine & Co. requested their debtor to “ send to them the money,” or a portion of it — “ whatever he could ” — to apply on the debt. This was not the appointment of an agent to *453 receive the money from the debtor and transmit it to the creditor. It did not relieve the debtor from his duty to pay to the creditor in person. It amounted simply to a request for the debtor to pay, and informed him that the creditors were willing to receive payment of a part of the debt, if he could not pay all. The ownership of the money remained in Marx Bernstine after he delivered it to the express companies and until it was delivered to his creditors. The judgment of the court of common pleas in favor of Bernstine for the amount of the lost money and against the express companies should have been affirmed.

Judgment accordingly.