THE ST. NICHOLAS BANK OF NEW YORK, RESPOND-
ENT, *v.* STATE NATIONAL BANK, APPELLANT.

*Negotiable paper — liability of a bank, receiving it for collection, for the non-payment of a draft for its proceeds transmitted to the depositor.*

A bank, receiving negotiable paper for collection, collected it through an appar-
ently responsible agency from which it received, for the proceeds thereof, a draft
drawn upon an apparently responsible bank, which draft it forwarded to the
owner of the paper sent for collection; both the drawer and drawee of this draft
failed before its payment.

*Held*, that the bank receiving the paper for collection was not liable to the owner
thereof for the repayment of its amount because of the failure of the drawer
and drawee of said draft representing its proceeds.

APPEAL by the defendant, the State National Bank, from a judg-
ment of the Supreme Court, in favor of the plaintiff, entered in
the office of the clerk of the county of New York on the 24th day
of April, 1890.

The action was brought to recover the amount of a draft, with
interest thereon, which had been sent by the plaintiff to the defend-
ant for collection.

*A. Walker Otis*, for the appellant.

*Charles E. Hughes*, for the respondent.

DANIELS, J.:

The verdict was directed for the amount of a draft sent by the
plaintiff, a banking corporation located and carrying on the business
of banking at the city of New York, for collection, to the defend-
ant, a banking corporation located and carrying on a like business
at Memphis, in the State of Tennessee. Previous business transac-
tions of a similar nature had taken place between these banks,
without any special agreement or arrangement beyond that of
defining the defendant's commission of one-fourth of one per cent
and the necessary expenses attending the collections. The draft in
this instance transmitted is as follows :

"Dallas, Texas, *Nov.* 6, 1884,

"The National City Bank of Dallas,

"Pay to the order of Henry Levy & Son, Four Hundred Seventy-three $\frac{57}{100}$ dollars.

"473$\frac{57}{100}$             "A. D. ALDRIDGE & CO.

"Endorsed :

"Deposit St. Nicholas National Bank.

"HENRY LEVY & SON."

"Pay M. S. Buckingham, Cashier, or order, for collection for St. Nicholas Bank of New York.

"THOS. G. POLLOCK,
"*Cashier.*"

On the day of the receipt of the draft the defendant sent it forward to Adams & Leonard, at Dallas, in Texas, for collection there. They were a banking firm at that place in good credit, and the correspondents of the defendant through whom their collections had previously been made. For that purpose its cashier indorsed the draft payable to Adams & Leonard for collection on its account. And they, on the 17th of November, 1884, presented it to the National City Bank for payment, which was then made to them. Adams & Leonard then drew their sight draft on Jemison & Co., of the city of New York, for the amount to be transmitted, and sent it to the defendant, and the latter forwarded the same draft to the plaintiff. But before it could be presented for payment both Adams & Leonard, the drawers, and Jemison & Co., the drawees, failed, and the debt was lost. The court at the trial held this to have been the loss of the defendant, and directed a verdict against it for the amount, to which an exception was duly taken.

It has not been maintained or charged that the defendant had become involved in any wrong, inattention or carelessness, but that where the proceeds of a collection of this nature have not been realized by the holder of the paper the collecting agent will necessarily be liable for the loss. And whether that is the legal rule to be applied is the point upon the determination of which this appeal must depend.

Authorities have been brought to the attention of the court, as they were also at the trial, which are supposed to dispose of this

point in the plaintiff's favor.    They commence with and have chiefly followed the case of *Bank of Utica* v. *M'Kinster* (11 Wend., 473), where it was held that the bank with which a note was left for collection was liable for the failure to give the notice of non-payment, which was necessary to charge the indorsers.    In the case of *Allen* v. *Merchants' Bank* (22 Wend., 215) this liability was again affirmed, and so far extended as to render the collecting agent liable for the default of agents employed by it for the effectual collection of the debt.    There the bank receiving the bill from the plaintiff sent it to the Philadelphia Bank, in the city of Philadelphia, for collection. And that bank delivered it to its notary, who presented it for acceptance, which was refused.    He then noted the bill for non-acceptance, but omitted to give notice thereof to the indorsers.    When the bill became due it was in like manner presented for payment, and payment refused, when the notary protested it for non-payment.    The question there was, whether the Merchants' Bank of New York, which received the bill from the plaintiff, was liable to him for this omission of the notary to protest the bill for non-acceptance, and the court held that it was, although the defaulting notary was not selected to act by it, and was not its own agent or servant.    The conclusion arrived at by the decision was declared by a formal resolution, holding that when a bank, broker or other money dealer receives upon a good consideration a note or bill for collection in the place where such bank, broker or dealer carries on business, or at a distant place, the party receiving it for collection is liable for the neglect, omission or other misconduct of the bank or agent to whom it is sent, either in the negotiation, collection or paying over the money, by which it is lost, or other injury sustained by the owner, unless there be some agreement to the contrary, express or implied. (Id., 243.)    And this has been followed, although differing from the rule in several other States, in *Montgomery County Bank* v. *Albany City Bank* (3 Seld., 459); *Commercial Bank* v. *Union Bank* (1 Kernan, 203); *Ayrault* v. *Pacific Bank* (47 N. Y., 570); *Exchange National Bank* v. *Third National Bank* (112 U. S., 282), and in cases also decided in other States.    In this latter case the bill was sent to the defendant and under its authority presented to the drawee for acceptance, and he accepted it personally when it

had been drawn on him as secretary of the Newark Tea Tray Company. Here, as well as in the other cases mentioned or referred to, there was a distinct act of misconduct or neglect producing the loss on which the liability was directly placed. While in the present case there was neither wrong, inattention nor carelessness on which the liability of the defendant could be placed. But the prevailing mode of transmitting the funds collected was adopted and followed.

This case also differs in a very material respect from *Mackersy* v. *Ramsays* (9 Clark & F., 818), where the defendants were held liable because their correspondents had received the money and afterwards omitted, by reason of their failure, to remit or pay it over. The same result was reached, after a very full examination of the authorities, in *Bradstreet* v. *Everson* (72 Penn., 124). But the principle followed by these cases cannot logically determine the one presented by this appeal. For here the defendant did not receive or retain the money; neither was there any default in that respect on the part of its correspondents in Dallas. For they at once remitted the proceeds of the collection by the means usually taken for that object. And they were lost, not by any misconduct at either place, but by failures in business which will at times occur, but which ordinarily cannot be expected or anticipated. They are the misfortunes of business, entailing losses, without fault or misconduct, which must be sustained by the parties upon whom they fall.

In the case of *Indig* v. *National City Bank* (80 N. Y., 100) the important facts were like those now presented. The plaintiff delivered a note for collection to the defendant. It was payable at the Bank of Lowville, to which the defendant sent it for payment. The maker was a depositor in that bank, but resided about thirty miles therefrom. His balance was sufficient within thirty dollars to pay the note and the bank thereupon sent back its draft on New York for the amount of the note; but before it could be presented the bank at Lowville failed and payment of the draft was refused, and the action there was to recover the loss. But the court held that the defendant was not liable, as the ordinary course had been followed, and there was no fault or negligence in selecting and using the means adopted for remitting the money. And the principle followed in deciding that case has also been sanctioned in Massachusetts (*Buell* v. *Chapin*, 99 Mass., 594) and that seems to be

likewise the law in the State of Tennessee (*Bank of Louisville* v. *Bank of Knoxville*, 8 Baxter, 101).

The case of *Faulkner* v. *Hart* (82 N. Y., 413) justifies the application of no different rule to the decision of this case. That relates to a different subject, in no way including the present controversy. It is true that it is to be disposed of under the general rules of the commercial law. But there is no authority for holding the rule necessarily invoked for this case to be in any respect at variance with that which was declared and followed in the cases last mentioned.

. There is no well-sustained principle declaring the liability of the defendant under the facts now appearing, and the judgment should be reversed and a new trial ordered, with costs to the defendant to abide the result.

Van Brunt, P. J., and Brady, J., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.