J. J. YOUNG v. GRAND COUNCIL OF ANCIENT ORDER OF AZTECS.[1]

January 24, 1896.

Nos. 9805—(242).

**Mutual Benefit Society—Disability—Proof of Claim.**
The Grand Council of the Ancient Order of Aztecs issued its certificate to a member of one of its subordinate councils, wherein it was provided that the order should pay such member a weekly indemnity of $15 in case of his disability arising from accident or sickness, and one of the rules of the order

[1] Reported in 65 N. W. 933.

was as follows: "It shall be the duty of every claimant for disability to give notice at once, upon the disability arising, to either the commander or secretary of the council, and the council relief committee shall thereafter make a thorough investigation of the case by personal visitation by at least two of said committee calling upon the applicant at different times during each and every week of the disability, and certifying upon the proof from such personal visitation as to the bona fides of the disability, and its continuance for full weeks of the period. The council medical examiner shall also see the applicant personally at least once for each week of disability, and certify to same in the proof. The proof shall be attested to by the members of the relief committee under the seal of the council, must be correctly and fully filled out one for each week of the claimed disability at or after the close of the week, and must be forwarded to the grand council not later than the week following." The insured member was disabled, and gave due notice of such disability in compliance with the requirements of the foregoing rule, but the council medical examiner was unable to certify to the proofs, because he had not visited the claimant during such disability. His failure to do so was caused either by his own neglect of duty or by the neglect of the commander or secretary to notify him of the claimant's disability. *Held,* that in either case the inability of the medical council examiner to certify to the proof was the result of the negligence or fault of the defendant's agent, and it cannot set up as a defense to the claimant's right of recovery such negligence or fault of its own agent. Lane v. St. Paul F. & M. Ins. Co., 50 Minn. 227, distinguished.

Action in the district court for Hennepin county. The court found in favor of plaintiff. From an order denying a motion for a new trial, Smith, J., defendant appealed. Affirmed.

*F. B. Wright,* for appellant.

*W. A. Kerr,* for respondent.

BUCK, J. The defendant is a corporation under Laws 1885, c. 184 (G. S. 1894, §§ 3296–3316). Some time in the month of November, 1893, the plaintiff joined a subordinate council of the defendant order, known as "Hennepin Council No. 10," and thereupon this defendant issued to the plaintiff a certificate, wherein it was provided that the defendant should pay to the plaintiff a weekly indemnity of $15 in case of his disability arising from accident or sickness during the continuance of said certificate, upon certain conditions, however, among which was the compliance by plaintiff with certain rules of the defendant, and the furnishing of proofs of any claimed disabilities.

In April, 1894, the defendant, while a member of such subordinate council, claims that he was disabled by sickness for the period of two weeks to such extent as to entitle him to the benefit provided by the certificate. He made proof of his alleged disability upon blanks furnished by the defendant, and delivered them to the defendant's secretary. A rule of the defendant, among other things, provided that the council medical examiner should also see the applicant personally at least once for each week of the disability, and certify the same in the proofs. The proofs furnished by the plaintiff were not signed by such medical examiner, but by a person purporting to be a physician. When the proofs were presented to the defendant's secretary, he refused to accept them, upon the ground that they were not signed by such medical examiner, which he insisted must be done in order to make them conform to the defendant's rules. The medical examiner was one Dr. Glenn, and when the plaintiff took the proofs to him he refused to sign them, stating as his reason for such refusal that he had not visited the plaintiff, that he knew nothing about the case, and hence he could not sign the proofs. Thereupon the plaintiff again presented the proofs to the secretary, and by him they were again rejected, for the same reason as previously given. The plaintiff, however, left the proofs with the secretary, and upon defendant's refusal to pay the claim he brought this action.

It appears that the proofs were signed by the officers of Hennepin Council No. 10, to which plaintiff belonged, and upon such proofs the secretary of said council certified that the claim was approved at a regular meeting of that council held May 2, 1894. There is no controversy as to the actual disability of the plaintiff as claimed by him, and there is no want of good faith charged against him in whatever he did in the matter. The pivotal point in the case is this: Was it a condition precedent to the plaintiff's right of recovery that he must procure the signature of the council medical examiner to the certificate of disability? At the time of the commencement of the disability the plaintiff gave due notice thereof to the officers of Hennepin Council No. 10, and its officers were fully advised that such disability continued. Nothwithstanding this notice, the council medical examiner refused or neglected to see the

plaintiff personally, as provided by the rules of the council, although some of its officers visited him during such disability.    The defendant seeks to escape liability upon the ground that Dr. Glenn was not its medical examiner, but that of council No. 10.    This council was a subordinate one of the defendant's.    It was working in this subordinate manner for the defendant's benefit.    The rules and regulations in evidence under which the plaintiff was insured against disability were made by the defendant, and it carried on its business through the subordinate councils as advisory to its grand council, this defendant; and its constitution required the subordinate councils to conform to the rules and regulations of the grand council, and not act otherwise.    One of these amended rules to which we have already referred we quote in full, as follows:

"It shall be the duty of every claimant for disability to give notice at once, upon the disability arising, to either the commander or secretary of the council, and the council relief committee shall thereafter make a thorough investigation of the case by personal visitation by at least two of said committee calling upon the applicant at different times during each and every week of the disability, and certifying upon the proof from such personal visitation as to the bona fides of the disability, and its continuance for full weeks of the period.    The council medical examiner shall also see the applicant personally at least once for each week of disability, and certify to same in the proof.    The proof shall be attested to by the members of the relief committee under the seal of the council, must be correctly and fully filled out one for each week of the claimed disability at or after the close of the week, and must be forwarded to the grand council not later than the week following."

It thus appears that the plaintiff's only duty was to give notice of his disability at once, either to the commander or the secretary of the council.    They were the agents of the defendant to give notice to the council medical examiner, and upon such notice being given to him the council medical examiner became the agent of the defendant to visit the plaintiff.    The council medical examiner was unable to certify to the proofs, because he had not visited the plaintiff.    This failure upon his part was caused either by his own neglect of duty or by the neglect of the commander or secretary to notify

him.    In either case the inability of the council medical examiner to certify to the proof was the result of the negligence or fault of the defendant's agent.

This case differs widely from that of Lane v. St. Paul F. & M. Ins. Co., 50 Minn. 227, 52 N. W. 649.    There the policy contained a provision that the insured should, if required, furnish a certificate of the magistrate or notary public living nearest the place of fire, stating that he had examined the circumstances, and believed that the insured had honestly sustained loss to the amount that such magistrate or notary public should certify.    This was required as a condition precedent to the plaintiff's right of recovery, and it was held that the inability of the insured to procure the certificate did not excuse him from performing his part of the contract.    But in this case the blame or fault for not certifying to the proof of the plaintiff's disability was that of the defendant's own agent, and it cannot set up as a defense an omission caused by the negligence of its own agent.    It might be asked very pertinently, what more could the plaintiff have done to give him a right of action than he did do according to the evidence?    The medical examiner was not the agent of the plaintiff, nor did his rights rest upon the arbitrary neglect or refusal of Dr. Glenn to visit him, or certify to his disability.    The plaintiff paid his money in consideration of the certificate of indemnity, not to council No. 10, but this defendant, and received such certificate from the defendant, with whose grand secretary he had filed his application.    It is not necessary to discuss the question of whether the rule in controversy was an unreasonable one or not.    It was the duty of the defendant to see that its rules were complied with, and in default thereof it was liable.

The order denying a new trial is therefore affirmed.