MALVINA A. CAMPBELL *vs.* SUPREME LODGE KNIGHTS OF
PYTHIAS OF THE WORLD.

Worcester.   March 9, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Beneficiary Association — Construction of Laws — Forfeiture of Membership — Effect of mailing Money for Reinstatement — Death of Suspended Member before Receipt of Money — Action.*

Where the laws of a beneficiary association provide that if the secretary of a section fails to forward the monthly collections to the board of control on or before

the last day of the month, the section and its members shall stand suspended and their certificates forfeited, and that if the money is paid to the board of control within thirty days after such default the section and its members may be reinstated, the payment does not become effectual until its receipt by the board of control; and if the money of a section is sent by mail on the first day of the month following a default to the board of control in another State, and arrives there on the third day, which is Sunday, and is delivered on the fourth day of the month, and a receipt for the money is sent on that day, which is expressed to be on the condition that all the members for whom the payment is made are living at the date of the receipt, and a member of the section, who has paid all his assessments, dies on the third day of the month, no action can be maintained upon his certificate of membership.

CONTRACT, to recover $1,000 under a certificate of membership issued by the defendant corporation to George Campbell, and payable to the plaintiff, who was his widow. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*F. B. Smith,* for the defendant.

*C. M. Rice,* for the plaintiff.

ALLEN, J. The decision of this case depends upon the construction to be given to the following provisions of the Revised General Laws of the defendant:

" The secretary of a section shall forward to the Board of Control the monthly payments and dues collected, immediately after the tenth day of each and every month.

" If such payments and dues are not received by the Board of Control on or before the last day of the same month, the section so failing to pay, and all members thereof, shall stand suspended from membership in the endowment rank, and their certificates, and all right, title, and interest therein shall be forfeited. Notice of such suspension shall be forthwith mailed by the secretary of the Board of Control to the president and secretary of such section.

" Provided, that the section whose membership has forfeited their endowment, and whose warrant has been suspended, shall regain all rights as a section, and any surviving members thereof (not less than five) shall regain full rights and privileges held previous to such forfeiture, if, within thirty days from the suspension of warrant, said section shall pay to the Board of Control the amount of all monthly payments, assessments, or dues accrued upon said members."

There was also another provision of the General Laws as follows : " Officers of sections are the agents of the members, and shall in no wise be considered as the agents or the representatives of the Board of Control of the Endowment Rank or of the Supreme Lodge."

Campbell, the member whose right is here involved, had duly paid all his assessments, including that for February, 1895, to the secretary of his section, but the secretary had failed duly to forward the collections for that month. But on Friday, March 1, 1895, he mailed the same to the Board of Control at Chicago, in an envelope furnished for that purpose by said board, with the full address of said board printed thereon. This letter was received at the Chicago post office on Sunday morning, March 3, at 4 A. M., and was delivered by a mail carrier at the office of the Board of Control on the morning of Monday, March 4. The Board of Control on the same day sent a receipt for the money, which was expressed to be on condition that all the members for whom the payment was made were living at the date of the receipt. Campbell died on Sunday, March 3, at 10 A. M. The only question presented to us is whether, before the death of Campbell, the members of said section, and Campbell as one of them, had regained their rights and privileges held previous to the suspension and forfeiture by reason of the mailing of the letter to the Board of Control on March 1. It is admitted that a suspension of membership and forfeiture occurred at the expiration of the last day of February, by reason of the Board of Control not having received the February dues. But the plaintiff contends that by the terms of the general law the defendant offered to restore members to their full rights, if within thirty days their section should pay the monthly dues ; and that upon the mailing of the letter of March 1 this offer became a complete and binding contract, and that the payment was made on that day.

It has been held that where an agent to collect money or a debtor has been authorized, either by express direction or by a course of dealing, to remit money by mail, and deposits a letter containing such money in the post office, the money is thenceforward at the risk of the creditor. *Buell* v. *Chapin*, 99 Mass. 594. *Gurney* v. *Howe*, 9 Gray, 404. *Crane* v. *Pratt*, 12 Gray, 348. *Morgan* v. *Richardson*, 13 Allen, 410. But the present

case does not fall within that rule. Here a forfeiture had occurred. The members had the privilege of becoming reinstated upon making payment. They might or might not avail themselves of this privilege. By the earlier portion of the general law the forfeiture occurred if the payments were not received by the Board of Control on or before the last day of the month. By the latter portion, the members were to regain their rights if within thirty days the section should pay the amount of the assessments and dues to the Board of Control. Such payment did not become effectual till its receipt by the Board of Control. The case is much like ordinary cases of insurance, where a forfeiture has occurred through a failure to pay a premium or assessment when due. Acceptance of the money afterwards waives the forfeiture and restores the policy. *Shea* v. *Massachusetts Benefit Association*, 160 Mass. 289, 294, and cases there cited. *Bouton* v. *American Ins. Co.* 25 Conn. 542. So in beneficiary associations, the levy and acceptance of assessments after a forfeiture have the same effect. *Rice* v. *New England Mutual Aid Society*, 146 Mass. 248. *Rindge* v. *New England Mutual Aid Society*, 146 Mass. 286. But in all of these cases there is no intimation that merely mailing the money in a letter will be sufficient to avoid a forfeiture. By the true construction of the general law, such reinstatement is not established till the money is paid to the Board of Control, and this payment is not made merely by depositing a letter containing the money in a post office. *Shea* v. *Massachusetts Benefit Association*, 160 Mass. 289, 295.

There is nothing in the agreed statement of facts to show that by usage or course of dealing the defendant took the risk of the safe transmission of money in this manner. On the other hand, the risk fell upon the senders of the money ; because, by the terms of the general law, if the payments were not duly received by the Board of Control, the members were suspended from membership. It is not stated in the agreed facts whether the amounts were sent by actual money, or by check ; and perhaps, if it would help the plaintiff, we should assume that the former mode was adopted. But, so far as appears, no loss ever occurred, and no question of this kind arose. In the previous instances of delayed payments and waivers, the waivers took effect appar-

ently from the date of the actual receipt of the money by the Board of Control. No instance is mentioned where a member died between the time when the money was mailed and the time when it was received. *Judgment for the defendant.*