SUPREME LODGE OF KNIGHTS OF PYTHIAS v. WITHERS.

(Circuit Court of Appeals, Fifth Circuit. May 24, 1898.)

No. 666.

1. ERROR AND APPEAL—ASSIGNMENTS OF ERROR.
Assignments that the court erred in directing a verdict for plaintiff, and in refusing to instruct that if the jury believed the evidence they must find for defendant, amount merely to a statement that the court erred in deciding the case, and is not in compliance with rule 11 of the circuit court of appeals for the Fifth circuit (21 C. C. A. cxii., 78 Fed. cxii.).

2. INSURANCE—MUTUAL BENEFIT SOCIETIES—FORFEITURES—PAYMENT OF DUES.
The by-laws of an association required the secretary of each section, to whom the monthly dues were payable, to "forward" the same to the board of control at Chicago "immediately after the 10th day of each and every month"; and provided that, if the same were not received by the board "on or before the last of the same month," the section, and all members of it, should be suspended, and their certificates forfeited. It was further declared that "officers of sections are the agents of the members, and shall in no wise be considered as the agents or representatives" of the board of control or of the supreme lodge. *Held* that, notwithstanding the latter declaration, the secretary of a section was in fact the agent of the board to receive and forward the dues paid by the members; and where dues were so received by him from a member, and mailed to the board of control, before the end of the month, there was no forfeiture, though not actually received by the board at Chicago until after the end of the month, and after the death of the member.

In Error to the Circuit Court of the United States for the Middle District of Alabama.

This was an action at law by Josephine Withers against the Supreme Lodge of Knights of Pythias to enforce collection of a policy of insurance on the life of her husband, R. W. Withers. In the circuit court the case was submitted on an agreed statement of facts. and judgment was entered for plaintiff, to review which this writ of error was sued out by defendant. The court below (Bruce, District

Judge) rendered the following opinion, from which the pertinent facts sufficiently appear:

"This cause is submitted to the court upon an agreed statement of facts set out in the record. The suit is upon a policy of insurance by the beneficiary named in the policy, and the defense is that the policy was forfeited at and before the time of bringing the suit. Withers, the member whose right is here involved, was a member of the Endowment Rank, Section No. 432, at Greensboro, in the state of Alabama. He had duly paid all his assessments and dues, including the monthly dues for the month of October, 1895, and these payments were made to the secretary in his section, one Chadwick, who testifies: 'The last payment that was paid to me by Col. Withers was for the dues for the month of October, 1895, which money was paid to me prior to the 10th of October, 1895.' The secretary, Chadwick, further testifies: 'There were a large number of men who were members of said section, and, as I did not collect from all of them their dues until the latter part of October, I did not send the money to the board of control, at Chicago, until the 31st day of October, 1895. Having collected by the 31st day of October all of the dues due by all the members of the section for the month of October, I mailed in the afternoon of October 31, 1895, to H. B. Stolte, secretary of the board of control, Chicago, Ill., a check covering all the amounts due by all the members of said section for the month of October. * * * I sent the money by a check, just as I had always previously done. * * * When the money reached Chicago, after the 1st of the month, Mr. H. B. Stolte mailed to me, as secretary of Section 432, a letter, a substantial copy of which is hereto attached. These letters I always destroyed, and did not inform the members of the section of the receipt of them, as I knew the money had reached Chicago by the time I received the letter.' It appears the money did not reach the board of control until the 4th of November, and Robert W. Withers died on the 1st day of that month.

"The proposition of the defendant company is that this policy lapsed and became forfeited because the monthly dues of the insured for October, 1895, were not paid to the board of control before the 1st of November, in Chicago. A brief examination of the law and scheme of insurance of the defendant company is necessary at this point. Section 4 provides: 'Monthly payments and dues of members holding certificates of endowment shall be due and payable to the secretary of the section without notice on the first day of each and every month. * * *' Section 6: 'The secretary of a section shall forward to the board of control the monthly payments and dues collected immediately after the 10th day of each and every month. If such payments and dues are not received by the board of control on or before the last of the same month, the section so failing to pay, and all members thereof, shall stand suspended from membership in the Endowment Rank, and their certificates, and all right, title, and interest therein, shall be forfeited. Notice of such suspension shall be forthwith mailed by the secretary of the board of control to the president and secretary of such section: provided, that the section whose membership has forfeited their endowment, and whose warrant has been suspended, shall regain all rights as a section, and any surviving members thereof (not less than five) shall regain full rights and provisions held previous to such forfeiture, if, within thirty days from the suspension of warrant, said section shall pay to the board of control the amount of all monthly payments, assessments, or dues accrued upon said members.' Section 10: 'Sections of the Endowment Ranks shall be responsible and liable to the board of control for all moneys collected by the secretary or other officers from the members for monthly payments, assessments, or dues not paid over to the board within the time and manner prescribed by law. Officers of sections are the agents of the members, and shall in no wise be considered as the agents or the representatives of the board of control of the Endowment Rank or of the supreme lodge.'

"Without discussing the effect of section 10, to which reference will presently be made, it is very clear that, under sections 4 and 6, the dues of the members were to be paid to the secretary of the section; and by section 6 it is made his duty to forward to the board the monthly payments and dues

S9 F.—11.

collected, so that the local secretary, whether he is in any sense to be considered the agent of the supreme lodge or not, is to collect the dues, and forward to the board of control; and this seems to have been the law of the organization prior to January, 1894, when sections 6 and 10 seem to have been adopted, though it may not be entirely clear what change was intended to be made by the new rules. The letter of the rule is, if such payments are not received by the board of control on or before the last of the same month, the section so failing to pay, and all members thereof, shall stand suspended from membership in the Endowment Rank. We find the dues for October paid promptly by the insured, Withers, to the local secretary of the section, and we find him charged with the duty of forwarding the same to the board of control at Chicago, and he testifies he did it, and mailed it, properly addressed, on the last day of October, 1895. But it is insisted that the money must be paid to, or perhaps it should be said it should reach, the board before the last day of October, which it could not do when mailed at Greensboro on the last day of the month. But, if the money was put in the mail as testified, it was put there for transmission, and 'forward' is the word used in the rule; and from the language used and the course of the business, can any doubt exist as to the contemplation of the parties at the time as to the means by which the money was to be forwarded? Whose money was it when mailed under seal and properly addressed? Not as to whose risk it was until received by the board of control, but whose money was it, and when placed there was it not payment, within the meaning of this order?

"This is not the case of a debtor seeking his creditor to pay his debt. Here was a course of business,—a handling of trust funds by the local officer. The rule does not say that the money shall be paid in person by the local section through its officer to the officer of the board of control in Chicago, but general words are used, and the argument proceeds rather upon a construction of the words used than upon the words themselves. Forfeitures must be clear, and courts do not favor them. In this case there has been no default. The insured paid his monthly dues, but, by the scheme of insurance of the defendant company, the failure of the secretary of the local section to have the money reach the board of control before the last of October is a default which is imputed to the section, and to every member of the section, of the Endowment Rank, and, without notice to the insured other than the notice to the secretary of the section, it is insisted that this is a case for a forfeiture of vested rights. I think that the court cannot so hold upon the words of the insurance law itself, and, if that rests in doubt, then the operation of the rule as claimed would seem to be obnoxious to that fundamental principle of the law which forbids the taking of life, liberty, or property without due process of law. Again, can this scheme of insurance shown in the rules and law of the defendant be sustained upon sound legal principles? When the money for the monthly dues was received by the board of control in Chicago, a receipt signed by H. B. Stolte, secretary board of control, of the following purport, was received by Secretary Chadwick, of the local section: 'Received in payment of monthly dues for October, 1895, on condition that all members from whom above payment is made were living at the date of this receipt,'—which is November 4, 1895. It was said in the argument, in reply to the proposition insisted upon that the defendant company had and retained the money, and was, therefore, not in a position to resist the payment of the loss, that this was but a conditional receipt, or receipt upon condition, for the money, and that may have been an answer to the proposition presented in behalf of the plaintiff herein; but, apart from that, here is a scheme of insurance which provides, in case of forfeiture, a way of recovery for surviving members, but if the member dies, as in this case, between the time that the dues are mailed for transmission to the board of control at a distant point,—in this case Chicago, Ill.,—and its receipt by the board of control, there is no means by which his representative in interest or the beneficiary in the policy can be restored from the penalty of the forfeiture. Policies of insurance are taken out and the whole scheme of insurance contemplates that it is not for the benefit of the assured, but for the benefit of those dependent upon him, and, if you eliminate this element from it, life insurance as a system would be deprived of the main reason by which it has won its way to

favor. And yet here the survivor can be relieved from the forfeiture, and is relieved, 'if, within thirty days from the suspension of warrant, said section shall pay to the board of control the amount of all monthly payments, assessments, or dues accrued upon said members': but he who dies, as stated, however prompt he may have been in payment of dues, and though no personal default can be attributed to him, still his policy is forfeited, and his beneficiary is without relief or any means by which he can save himself.

"Again, what does section 10 mean, and is it a clear-cut proposition putting the policy holder upon notice not only that he is to pay his dues promptly or suffer the penalty of the forfeiture if he does not, but that he is also made responsible with the other members of his section for all the dues due to the grand lodge, and is made responsible for the failure of the local secretary for his failure to forward the dues? What is the significance of the words in section 10, 'Officers of sections are the agents of the members, and shall in no wise be considered as the agent or the representative of the board of control of the Endowment Rank or of the supreme lodge'? In the face of these rules, the policy holder will perhaps find that his responsibility was not met by the prompt payment of all dues, but other responsibilities are charged upon him; and will the courts maintain forfeitures where there is no personal default chargeable to the policy holder, but only such as is made to fall upon the section in its aggregate capacity? Among the authorities cited is the case of Campbell v. Knights of Pythias (Mass.) 47 N. E. 109, which is perhaps the strongest case cited in behalf of the defendant company, and yet the concluding sentence in that opinion shows that it is not the case that we are dealing with. The case at bar is an instance of that kind, and the case is, at least, not entirely in point. The court finds for the plaintiff, and the judgment will be entered as upon a verdict of a jury."

Thos. G. & Chas. P. Jones, for plaintiff.

H. C. Tompkins, Ed. de Graffenreid, and Chas. E. Waller, for defendant.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PER CURIAM. By agreement this case was practically tried in the court below by the judge upon an agreed state of facts. The judge rendered an elaborate opinion on the law of the case as applicable to the facts. The assignments of error are (1) that the court erred in instructing the jury to find a verdict for the plaintiff, with interest from the 5th day of November, 1895; (2) the court erred in refusing to instruct the jury, at the instance of the defendant, as follows: "If they believed the evidence, they must find for the defendant." These assignments of error amount to no more than the complaint that the judge erred in deciding the case. Counsel for plaintiff in error in their brief specifically point out the errors of law of which they complain. It would seem that they ought to have complied with our rule 11 (21 C. C. A. cxii., 78 Fed. cxii.), with regard to the assignment of errors. As there is no plain error apparent of record, we might well dismiss this writ of error upon this ground.

Among other matters of law, the trial judge held that there had been no forfeiture of Withers' insurance, because Withers had promptly paid his monthly premium, and that this payment, with the payments of other members of the section, and according to the course of dealing between the secretary of the section and the board of control, had been deposited in the post office on the last day of the month of October, 1895. We concur with this finding. Notwithstanding

the provision in section 10 of the general laws, that the officers of sections are the agents of the members, and shall in no wise be considered as the agents or the representatives of the board of control of the Endowment Rank or of the supreme lodge, we are of opinion that the secretary of the section was in fact the agent of the board of control to receive and forward the dues paid by the individual members (Whiteside v. Supreme Conclave, 82 Fed. 275; Knights of Pythias v. Bridges [Tex. Civ. App.] 39 S. W. 333; and see Insurance Co. v. Wilkinson, 13 Wall. 222, 234); and that when payment had been made by the insured, under section 4 of the general laws, to the secretary of the section, the money so paid belonged to the board of control. Under a fair construction of section 6 and of section 10 of the general laws, when the secretary of the section deposited in the post office at Greensboro the moneys collected as the monthly payments and dues of the individual members of the section, and, in this, followed a long course of business, the said payments and dues were then and there received by the board of control (Buell v. Chapin, 99 Mass. 594; Gurney v. Howe, 9 Gray, 404); and as in this case the admitted facts show that the payments and dues were deposited by Chadwick, the secretary of the section, in the post office at Greensboro, on the 31st day of October, 1895, there was no forfeiture, under section 6 of the general laws. Campbell v. Supreme Lodge, 168 Mass. 397, 47 N. E. 109, does not conflict with this view of the case. Other questions argued need not be considered. The judgment of the circuit court is affirmed.