## CHEEK v. SUPREME LODGE KNIGHTS OF HONOR.

(Filed November 5, 1901.)

1. PLEADINGS—*Demurrer—Complaint*.

Facts not alleged in the complaint, but relied on by the defendant as a defense, will not be considered on appeal from an order overruling a demurrer to the complaint.

2. INSURANCE—*Benevolent Associations—Complaint—A Cause of Action—Demurrer—Contracts*.

The complaint in this case, upon a certificate of insurance of a benevolent association, is held to state a cause of action upon demurrer thereto.

ACTION by Pena C. Cheek against the Supreme Lodge of the Knights of Honor, heard by Judge *W. B. Council,* at Spring Term, 1901, of the Superior Court of ALAMANCE County. From a judgment for the plaintiff, the defendant appealed.

*Chas. E. McLean,* for the plaintiff.

*Watson, Buxton & Watson,* and *Shepherd & Shepherd,* for the defendant.

FURCHES, C. J. In 1881 Henry A. Cheek became a member of Alamance Lodge, Knights of Honor, and received a certificate of insurance of $2,000 for the benefit of his wife, who is the plaintiff in this action. The husband is dead, and the plaintiff brings this action and files the following complaint, in which she makes the card called "certificate of membership" in a "defunct" lodge a part thereof:

"The plaintiff alleges:

"1. That she is the widow of the late Henry A. Cheek, of Alamance County, North Carolina.

"2. That her said deceased husband was in his lifetime a

member of Alamance Lodge, No. 2,595, Knights of Honor, and that he received the degree of Manhood on the 2d day of November, 1881, at the age of fifty-three years.

"3. That on the 16th day of December, 1881, her said husband had issued to him by the defendant Benefit Certificate No. 117,129, for two thousand dollars, plaintiff then being his wife, a copy of which certificate is hereto attached, marked Exhibit "A," and asked to be taken as a part of this article of complaint, just as if here set out.

"4. That the statements made by her said husband for membership, and the statements made by him to the medical examiner, are true, and that he complied with the laws, rules and regulations governing the Order at the time when said certificate was issued, and with those subsequently enacted for its government, and was in good standing at his death.

"5. That said Alamance Lodge, No. 2,595, Knights of Honor, on the 10th day of June, 1896, forfeited its charter, and that on the 24th day of September, 1896, a defunct Lodge Member's Card was issued by defendant to plaintiff's said husband, a copy of which is hereto attached, marked Exhibit "B," and asked to be taken as a part of this article of complaint as fully as if here set out at length.

"6. That on May 23, 1896, the said husband of plaintiff was stricken with paralysis, from which he never recovered, and until long after the said 10th day of June, 1896, he was confined to his house in almost a helpless condition, and never did he recover so as to be able to walk, so that the requirement that he pass a medical examination indorsed upon the margin of said card was impossible of fulfilment.

"7. That plaintiff's husband paid his assessments and dues regularly until his affliction, and afterwards his family continued to pay them just as he had done, and he never changed his rate of assessment.

"8. The plaintiff's husband did not learn of the forfei-

ture of its charter by said Alamance Lodge, No. 2;595, until in September, 1896, and only a few days before the date of said defunct Lodge Member's Card; his condition forbade his sooner learning of it or informing himself, and even then the knowledge came to him through the kindness of a friend.

"9. That the total amount of assessments paid for and on account of aforesaid Benefit Certificate is more than one thousand three hundred dollars, to-wit, one thousand three hundred and. nine dollars, as plaintiff is informed and verily believes.

"10. That said husband of plaintiff departed this life in the summer or early fall in the year 1899.

"11. That the plaintiff, before commencing this action, demanded payment of the defendant for and on account of said Benefit Certificate of the amount thereof.

"12. That said defendant is a corporation authorized by law, and organized in pursuance thereof.

"13. That said Benefit Certificate was never surrendered or cancelled at his request, and another certificate issued therefor, but it remained in his possession till his death, and is now in possession of plaintiff.

"Wherefore, plaintiff demands judgment—

"1. That she recover of defendant the sum of two thousand dollars, less the assessments unpaid at his death, which amount to less than one hundred and fifty dollars, to-wit, one hundred and forty dollars.

"2. For such other relief as plaintiff may be entitled to."

To this complaint the defendant demurs, and, as the demurrer admits the facts stated in the complaint, the only question presented for our consideration is whether the complaint states a cause of action. The defendant is therefore deprived of the benefit of any fact presented in its brief that does not appear in the complaint. And, from the brief and argument of defendant, it seems to us that it is a case that should have been tried upon answer and not upon demurrer.

We understand from the defendant's brief that the plaintiff's defense is restricted upon the ground that Alamance Lodge had been suspended and was "defunct," as it is termed in the brief; and that the insured (Henry) had failed and neglected to apply to any other lodge for admission, as defendant alleges he should have done; and that there were unpaid assessments due at the time of his death. But the complaint does not show these facts, and therefore we can not, and do not, pass upon their sufficiency or insufficiency, if they were presented.

It appears from the complaint that the insured had a stroke of paralysis in May, 1896; that the Alamance Lodge was suspended on the 10th of June, 1896, but the insured had no information as to said suspension until September, 1896, and that very soon after he learned of the suspension of Alamance Lodge he received the following certificate, dated September 24, 1896:

"KNIGHTS OF HONOR.

"DEFUNCT LODGE MEMBER'S CERTIFICATE.

"This is to certify that Henry A. Cheek was a member of Alamance Lodge, No. 2,595, Knights of Honor, and in good standing on the 10th day of June, 1896, the date said Lodge forfeited its charter, and that said Lodge is now defunct.

"Said Henry A. Cheek received the degree of Manhood on the 2d day of November, 1881, at the age of fifty-three years. Rate of assessment, $3.50. He has paid 374 assessments, beginning with No. 93, and has paid to No. 466, inclusive.

"Total amount paid, $1,309, and is a full-rate member.

"Witness my hand and the seal of the Supreme Lodge, this 24th day of September, 1896, at St. Louis, State of Missouri.

"B. F. NELSON,

"(Seal.)                              *Supreme Reporter.*

"Seal of Supreme Lodege, Knights of Honor.

"NOTE.—This certificate may be deposited in any lodge in accordance with the provisions of Article VI., sec. 3, Supreme Lodge Constitution.

"NOTE.—The Lodge accepting this card must collect all assessments, commencing with No. 467, if less than 60 days have elapsed between June 10th, 1896, and the date the member is balloted on by the lodge accepting this card.   If more than sixty days, then the member must pass a medical examination and pay assessments No. 467 to 473, inclusive, and the assessments to be paid by the members for the month in which the member is elected.

"The holder of this card must pass a medical examination."

It is seen from this card, and the card so states, that the sixty days from the suspension of Alamance Lodge in which the insured might have been transferred to another lodge without re-examination, had expired; and it appears from the complaint that the insured at that time could not have passed an examination; that he had been in this condition from the time he was stricken with paralysis in March, 1896, and so remained until his death in 1899.

It is not shown by the complaint that it was the fault of the insured that he did not receive this "defunct" card earlier than he did.   But the effect of not receiving it until after the 24th of September was to effectually deprive the assured of his right to be transferred to another lodge, without having to undergo a physical examination, which he could not do, and thereby to deprive him of his membership in the association.

It is held in *Bragaw v. Knights and Ladies of Honor,* 128 N. C., 354, that the secretary and treasurer of that Lodge was the agent of the Grand Lodge, although the by-laws provided that he should be deemed to be the agent of the local lodge.   And if the Secretary and Treasurer is the agent of

the Grand Lodge, we see no reason why the other officers of the local lodge are not the officers of the Grand Lodge, and why the Grand Lodge is not responsible for the delay in giving the assured the "defunct" card. It may be that it is not, but, if so, it does not appear by the facts stated in the complaint.

We therefore see no error in overruling the demurrer.

No error.