LAURA HETTIE CONNOR v. GRAND UNITED ORDER OF ODD FELLOWS ET AL.

(Filed 28 April, 1920.)

**Insurance, Life— Fraternal Orders— Payment of Dues— Principal and Agent.**

A member of a fraternal order had a credit in its local lodge for sick benefits, more than sufficient to pay his dues to its district lodge for a certificate of insurance issued only by the latter lodge, and while the local lodge was not the agent for the district organization for the collection of dues, its secretary and treasurer was its duly authorized agent for that purpose. The policy of insurance in the district lodge matured upon the death of its member, and payment thereof was refused to the beneficiary upon the ground that the member was not in good standing therein for failure to pay his dues, though more than sufficient money was in the hands of the secretary and treasurer of the local lodge to have paid them when due. *Held,* by the operation of law, the moneys in the hand of the secretary and treasurer of the local lodge were applicable to the dues owing by the member to the district lodge, *eo instanti* it came into his hands, as the authorized agent of the district lodge for their collection, irrespective of his omission to forward them, and the policy was not void for the non-payment of the dues.

APPEAL by plaintiff from *Shaw, J.,* at November Term, 1919, of MECKLENBURG.

This is an action *in forma pauperis,* by an aged colored woman, widow of John Connor, deceased, who was for many years a member of a colored organization, commonly styled the Odd Fellows. The case was referred to W. M. Smith, referee, and on exceptions to his report it was reviewed by the judge, who modified the facts found, and entered judgment thereon against the plaintiff, who appealed.

*E. R. Preston for plaintiff.*
*Edgar W. Pharr and Thaddeus A. Adams for defendant.*

CLARK, C. J. There were two actions, one against the District Grand Lodge, which is sued for recovery on the insurance certificate, and the

other against the local lodge to recover sick and funeral expenses. For convenience and by agreement of counsel the two cases were referred and heard as one before the referee, but on the exceptions to his report the case was heard by the judge only as to the exceptions in the action against the District Grand Lodge, and the cause was continued as to the local lodge without prejudice in any way by the decision in this case.

In this appeal the court finds as facts that John Connor was a member of the Rising Star Lodge of Charlotte, and held the policy of insurance for $200 in the District Grand Lodge payable to his wife, the plaintiff. John Connor obtained credit from the local lodge (on account of sick benefits due him) for his dues as a member of said local lodge, and also for his premiums to be remitted on his insurance certificate for the months of April, May, June, July, August, September, October, and November, 1916, which credits were entered upon the record of the local lodge. These credits the local lodge afterwards claimed were obtained by John Connor by fraud or imposition, and voted John Connor "unfinancial," which means "not in good standing," but the court finds that the credits were not obtained by fraud.

The court further finds as facts that under the rules of the local lodge a member could not become "unfinancial" in the local lodge until he was six months in arrears in his dues, nor while sick, it being the custom of said local lodge to retain out of sick benefits the monthly dues to said lodge, and to the District Grand Lodge, and to turn the dues to the latter over to one Lem Russell, secretary, whose duty it became to forward the same to the District Grand Lodge; that Lem Russell was the permanent secretary of the local lodge, and by virtue of his office was subendowment secretary of the District Grand Lodge, and as such officer received the monthly dues due the local and District Grand Lodge, amounting to 50 cents per month, and entered them in his book provided for that purpose.

The judge further found that John Connor paid no dues and obtained no credit for dues as a member of the local lodge after November, 1916, but was taken sick within 6 months from that date, i. e., in February, 1917, and remained sick until he died, 24 June, 1917; that after John Connor was taken sick in February, 1917, he was informed by Lem Russell that he was financial; that the local lodge advanced or paid for John Connor his insurance premiums to the District Grand Lodge for the months of December, 1916, and January, February, and March, 1917, but did not advance or pay for John Connor any premiums on his insurance certificate to the District Grand Lodge for April, May, or June, 1917, and that he knew that the local lodge did not advance or pay for him his insurance premiums for said months, and that he neither paid nor made any effort to pay them himself; the local lodge

was not the agent of the District Grand Lodge, and the local lodge alone could determine whether it should maintain a sick or funeral benefit feature; that the insurance premiums due by John Connor to the Grand Lodge were a level monthly rate of 25 cents per month, and a failure to pay any month's premiums during the current month *ipso facto* lapsed the insurance certificate of any member making such failure; that John Connor was in good financial standing in the local lodge, and entitled to sick benefits as a member thereof when he was taken sick, and he could not become unfinancial therein as to sick benefits or other rights during his illness, and he was in good standing in the local lodge at the time of his death; that no notice was given by the secretary, Russell, to John Connor that he was nonfinancial, but as to the insurance certificate the court held that no notice was required; that for April and May, 1917, the local lodge in its monthly reports to the Grand Lodge included John Connor as a member, but did not show that he had paid the 25 cents per month insurance premiums, and the court held that his insurance certificate in the Grand Lodge became lapsed by his failure to pay the level monthly premiums for April, May, and June, 1917.

The court held that the local lodge was not the agent of the District Grand Lodge; that the insurance certificate of John Connor had lapsed and become null and void for more than two months prior to his death on 24 June, 1917, and that the District Grand Lodge is not liable to any sum to the beneficiary on account thereof, and rendered judgment accordingly.

The District Grand Lodge issued the certificates of insurance and the local lodge, if it saw fit, could establish, as this lodge did, a provision for sick benefits. The court finds as a fact that the local lodge was not the agent of the District Grand Lodge, but it also finds that the secretary of the local lodge, Lem Russell, was also *ex officio* the agent of the Grand Lodge to transmit to it the premiums due by the members upon the certificates of insurance. Though it is found as a fact that John Connor at the time of his death had failed for more than two months to pay his premiums on his insurance certificate, said Lem Russell had in his hands $36 "sick benefit dues" belonging to John Connor. It would seem clear that whenever the premiums to the District Grand Lodge by John Connor became due that so much of the fund belonging to said Connor in the hands of Lem Russell, by the operation of law would *eo instanti* be held by him for said District Grand Lodge, and should have been taken out of said $36 in his hands, and have been transmitted by him on the premiums due to the District Grand Lodge. *Bragaw v. Supreme Lodge,* 128 N. C., 354, and citations thereto in Anno Ed.

The case turns upon this proposition of law, and we think, therefore, that John Connor having $36 to his credit in the hands of Lem Russell,

the agent of the District Grand Lodge, that the 50-cent premiums due the District Grand Lodge were in its possession, being in the hands of its agent, and if they were not actually forwarded, it was the fault of Lem Russell, the agent of the District Grand Lodge, and John Connor's interest in the insurance certificate was not lapsed and forfeited, and hence the plaintiff is entitled to recover, as beneficiary in the insurance certificate held by John Connor, the $200 from the District Grand Lodge, and the judgment below is

Reversed.