LUCILE DOGGETT and ONEIDA DOGGETT, by their next friend,
    G. O. DOGGETT, v. UNITED ORDER OF THE GOLDEN .
                    CROSS.

(Decided May 1, 1900.)

*Benevolent Association, with Life Insurance Feature—Bene-*
    *fit Certificate, or Policy—Prima Facie Case—Death,*
    *Demand, Certificate—Subordinate Commandery—Ef-*
    *fect of Denial and Refusal—Waiver of Notice and*
    *Proofs of Death—Forfeiture—Dissolution—Evidence.*

1. Demand having been made, the certificate shown, and the death of
    the assured proved, a *prima facie* case was made out for the plain-
    tiffs.

2. Where, according to the constitution and laws of the society, notice
    and proofs of death are to be furnished by officers of the subordi-
    nate commandery, or lodge, of which the deceased was a member,
    they are the agents for that purpose of the Supreme Commandery,
    for whose action the beneficiary plaintiffs are not responsible.

3. If before proofs are made, and before the expiration of the time within
    which they are to be made, an insurance company should refuse to
    pay the policy or deny its liability upon other grounds, such
    denial and refusal would constitute a waiver of notice and proofs
    of loss.

4. Where the answer alleges that the benefit certificate of plaintiffs was
    not in force, on the ground that the assured had failed to pay
    assessments, in strict law the defendant ought not to have been
    allowed to prove the dissolution of the subordinate commandery
    of which the deceased was a member.

5. Proof of such dissolution was ineffectual when it was also shown
    that preliminary conditions had not been complied with by officers
    of the Supreme Commandery.

CIVIL ACTION to recover the amount of a benefit certificate
for $1,000, issued by the defendant to a deceased member,
Leonora C. Doggett, for the benefit of her two daughters, the

plaintiffs in this action, tried before *Allen, J.,* at January Term, 1900, of the Superior Court of MECKLENBURG County.

The complaint contained an averment of due notice given to the defendant of the death of the assured, and of a demand on and refusal of payment by defendant of the sum secured in the benefit certificate.

The answer denied the notice and alleged that plaintiffs had failed to furnish proofs of the death of the assured in the manner required by the laws and regulations of said Order; also, that the assured, Leonora C. Doggett, had forfeited any claim upon the Order on account of said contract of insurance by failing to pay assessment levied by said Order and to comply with its rules and regulations, and had ceased to be a member nine months before her death.

The following issue was submitted to the jury: "Is the defendant indebted to the plaintiffs, and if so, what amount?" His Honor directed the jury, that if they believed the evidence, they would answer the issue "Yes, in the sum of $1,000 with interest from 1st May, 1897." Defendant excepted. Verdict and judgment for plaintiff. Defendant appealed.

The objects, system, and nomenclature of the defendant society are portrayed in the opinion. And the evidence, rulings of the Court, and exceptions of defendant are also stated.

*Messrs. Osborne, Maxwell & Keerans,* for appellant.
*Messrs. Jones & Tillett,* for appellee.

MONTGOMERY, J. The defendant appellant is a benevolent association incorporated under the laws of Tennessee in the name of "The Supreme Commandery United Order of the Golden Cross of the World." It embraces within its organization of the Supreme Commandery, Grand Commanderies and Subordinate Commanderies. The chief officer of the

society is called Supreme Commander, the second Grand Commander, and the third Noble Commander. All of the subordinate officers have titles equally as high sounding as those we have named. The motto of the society is "Fraternity, Beneficence and Protection," and its avowed objects are:

1. To unite fraternally persons of every honorable profession, business or occupation, of good moral character and socially acceptable, and in the case of beneficiary members of sound bodily health and between the ages of 16 and 55.

2. To give all the moral and material aid in its power to its members by holding instructive and scientific lectures, encouraging each other in business and assisting each other in obtaining employment.

3. To establish a benefit fund from which, on satisfactory evidence of the death of a beneficiary member of the Order who has complied with all its lawful requirements, a sum not exceeding two thousand dollars shall be paid, as he or she may have directed while living, and as contained in the benefit certificate.

4. To establish a fund for the relief of sick and distressed members, and

5. To pledge its members that they will not, so long as connected with the Order, use as a beverage any spirituous, malt or fermented liquors, that will intoxicate.

Certainly, no insurance company could have nobler aims.

The charter and laws of the Order provide for the issuing of benefit certificates to members, the beneficiaries to be entitled to the amount named in the certificates from the benefit fund, if the insured have complied with the laws of the society and are in good standing at the time of death. This fund is to consist of assessments levied by the Supreme Commandery upon, and paid by the several members of the subordinate lodges.

On the 19th of December, 1895, the appellant issued a certificate to Leonora C. Doggett, who died on the 1st day of May, 1897, and this action is brought by the plaintiff beneficiaries to recover the sum of $1,000, the amount named in the certificate. The defendant contests the payment of the same on the grounds, first, that the plaintiffs failed to give notice of the death of Mrs. Doggett in the manner required by the laws and regulations of the Order, and second, that at the time of her death she was not a member of the society in good standing, but on the other hand had failed to pay assessments levied upon her, and had thereby ceased to be a member of the Order. The plaintiffs on the trial introduced the benefit certificate and proved the death of the assured. The defendant in its answer did not deny the allegation of the plaintiffs that they had made demand of the defendant for the amount of the policy.

Demand having been made, the certificate shown, and the death of the assured proved, a *prima facie* case was made out for the plaintiffs. *Kendrick v. Insurance Co.,* 124 N. C., 315; *Kumle v. Grand Lodge,* 110 Cal., 204; *High Court v. Zak,* 136 Ill., 185; *Tobin v. Aid Society,* 72 Iowa, 261.

As to the first alleged defense of the defendant, it appears from an inspection of the certificate and the constitution and laws of the society that notice and proofs of death are not required to be made by the beneficiaries. That duty is devolved upon the Noble Commander and keeper of the records of the subordinate lodges by sec. 4 of the laws of the Order. The Subordinate Commandery chose those two officers of the subordinate commanderies to perform that duty; they made them their agents for that purpose.

On the death of a member those two officers were to immediately forward to the Supreme Keeper of Records a notice of such death, in which they were required to state the name,

age at the date on which the first degree was conferred, the number of the benefit certificate, the date and cause of death and the amount paid into the benefit fund.   Certificate, also under oath, from the last attending physician and officiating clergyman and undertaker were to accompany the notice.

It being evident therefore that the notice and proofs of death were to be furnished the Supreme Commandery by the two officers named of the subordinate commandery of which the deceased was a member, the question as to whether the plaintiffs did or did not furnish such proof to the defendant is immaterial.   *Millard v. Supreme Council,* 22 Pacific Rep., 864 (Supreme Court of California).   No proofs of Mrs. Doggett's death were furnished by the officers of the subordinate commandery of which she was a member, but that failure on their part can not prejudice the plaintiff's right to recover.   In *Supreme Council v. Boyle,* 37 N. E. Rep., 1105 (Indiana Appellate Court), the Court said: "There is nothing in the by-laws that required the appellee to make proof of the death of her husband either to the Subordinate or Supreme Council.   When the subordinate council received information of the death of one of its members, it was its duty to make the necessary proof to the Supreme Council. St. Julian (the subordinate) Council was an agency or instrumentality created by the appellant.   If its own instrumentalities failed to act, it can not be heard to interpose their delinquencies to defeat this action.   The appellant had ample time in which to ascertain the fact of the death."   In *Anderson v. Supreme Council,* 135 N. Y., 107, it appeared by Art. III, sec. 2, of the Relief Fund Laws of the society, that it was made the duty of the secretary of the subordinate council, on the death of a member, to notify the Supreme Recorder thereof according to a form prescribed by the Supreme Coun-

cil, a provision similar to the one on this point in the laws of the defendant in the case before us, and the Court of New York said: "That no duty is cast upon a claimant to furnish proofs of death as a prerequisite to maintaining an action on the certificate, and that the plaintiff was not required to do more than to notify the officers of the subordinate council of her husband's death. The duty was thereby cast upon the council to make investigations and proofs for the information of the Supreme Council." It would seem that the last-mentioned court held that it might be necessary that the beneficiary was compelled to give notice to the subordinate lodge of the death of the assured as a prerequisite to the commencement of the action against the Supreme Council for the recovery of the amount of the policy. But that was not the point in the case, and it was not said that a failure to give such notice would have been fatal to the case. That announcement is different from the decision in the cases of *Millard v. Supreme Council,* and *Supreme Council v. Boyle, supra.*

We are of the opinion that, as the constitution and by-laws of the defendant society in the case before us placed no duty upon the plaintiffs (the beneficiaries) to give any notice of any kind to either the Supreme Commandery or to the subordinate commandery of which she was a member, nothing was required of the plaintiffs before suit brought except to demand of the Supreme Commandery the amount of the policy, which was done in this case, as appears from an allegation to that effect in the complaint and not denied in the answer.

Especially should that be the rule in this case, for the assured lived and died in the same town in which the officers of the subordinate lodge lived, and where its meetings were held.

The plaintiffs contended that, as the defendant denied its

liability, it would not therefore be allowed to plead and insist upon a failure by the plaintiffs to give notice and proofs of the death of the assured, even if notice and proofs had been necessary under the terms of the policy and by-laws. The consideration of that proposition is not necessary to the decision of this case, but it may be useful to state what we think is the law on that question:

If an insurance company should refuse to pay the amount of the policy, or deny its liability upon an independent ground, or put its refusal exclusively on other grounds, before proofs of loss are made, and before the expiration of the time within which such proofs are by the terms of the policy to be made, such denial and refusal would constitute a waiver of the condition requiring notice and proofs of loss. Such a denial and refusal would be just the same as a declaration and notice to the beneficiary that payment would not be made in any event. The law does not require a vain thing to be done, and such a refusal and denial would make it unnecessary to give notice and proofs of death, since the company had refused absolutely to pay, for such reasons. *Gerling v. Insurance Company*, 20 S. E. Rep., 691 (Court of Appeals of West Virginia). If, after the time during which notice and proofs of death are required to be given, such notice and proofs should be given, or if during the time when such notice and proofs are to be given, defective notice and proofs are made, and the insurance company, in such cases, without making objection to such notice and proofs of death, should deny liability or refuse to pay on other distinct and independent grounds, then such denial and refusal would be regarded as a waiver of such notice and proofs. *Knickerbocker Insurance Co. v. Schnider*, 100 U. S.; Niblack on Benefit Societies, p. 804; *Brink v. Insurance Company*, 80 N. Y., 108; *Insurance Company v. Pendleton*, 112 U. S., 696.

The defendant, under its second alleged defense, that is, that the assured had forfeited her interest in the certificate by a failure to pay assessments and failure to comply with the rules and regulations of the Order, undertook to show first that the subordinate commandery in the lifetime of the assured had been dissolved by the Supreme Commandery, and in consequence thereof all the members, including Mrs. Doggett, had lost their rights under the benefit policies, and in the second place to show that Mrs. Doggett had forfeited her rights by a failure to pay assessments, especially assessment No. 247. To prove that the subordinate commandery had been dissolved, the defendant introduced as a witness John N. Moore, formerly the Financial Keeper of the Records of the subordinate commandery, who testified that before Mrs. Doggett's death numerous assessments had been sent out by the Supreme Commandery to the subordinate commanderies; that none of them had been paid, and that no report concerning them had been made to the Supreme Commandery. There was no direct evidence that, for that default, the Supreme Commandery had dissolved the subordinate commandery. But the defendant contended that under section 9 of the general laws of the defendant, the subordinate lodge stood dissolved for that default. That section reads as follows:

"Whenever the amount due from a subordinate commandery upon an assessment is not received by the Supreme Treasurer within twenty days from the date it is called, the Supreme Keeper of Records shall thereupon record such commandery as dissolved, and forward notice of its dissolution immediately to the Supreme Commander, to the Grand Commander, and to the Grand Keeper of Records of the jurisdiction in which such commandery is located, and to the Noble Commander, Noble Keeper of Records, Financial Keeper of

Records and Treasurer of the Commandery so dissolved, each separately, giving the cause and date of dissolution in such notices."

The defendant insisted that the failure of the Supreme Keeper of Records to make entry on his books of the dissolution of the subordinate commandery, and his failure to forward notices of its dissolution to the Financial Keeper of the Records and Treasurer of the Commandery so dissolved, were not necessary to effect the dissolution of the subordinate commandery, because, as is alleged, the law is self-acting, and the subordinate commandery was dissolved although that officer neglected to perform his duty.    If that had been the end of the matter, there might be something in the contention of the defendant; but, by section 11 of the defendant's general laws, the commandery so dissolved had the right to be reinstated on receipt by the Supreme Treasurer within thirty days of the assessment, of the non-payment for which the records of its dissolution was made; and, that being so, it necessarily follows that notice of the dissolution of the subordinate commandery should have been received, in order that it might have the benefit of the thirty days within which to send forward the assessment for the non-payment of which it was dissolved.

Besides, we think that by the defendant's answer, although it denied that the certificate was in force, yet as it specifically put that denial on the ground that the assured had failed to pay the assessment made on her and had thereby ceased to be a member of the Order, the defendant ought not in strict law to have been allowed to prove the dissolution of the subordinate commandery.

The witness Moore was shown a book and page, taken therefrom, which contained the entry and statement that for failure to pay an assessment of 54 cents (assessment No.

DOGGETT *v.* GOLDEN CROSS.

247) Mrs. Doggett had been disconnected. Section 13 of the General Laws of the Supreme Commandery makes it the duty of the Financial Keeper of Records of a subordinate commandery, upon notification that an assessment has been made, to notify every member liable to the assessment. The assessment notices to the members are required to bear the official stamp of the Financial Keeper of Records, or the seal of the commandery, and its form is prescribed by the Supreme Commandery. Each member is required to pay the amount due as stated in the notice within thirty days of the date of the notice, and any member failing to pay the assessment within thirty days shall *ipso facto* stand disconnected from the commandery, without sentence by the commandery. The defendant contends that under said section 13, and upon the evidence of Moore and the entry in the book of the disconnection of the assured, the forfeiture of the rights of the assured in the benefit certificate was worked, notwithstanding the fact that the defendant failed to show on the trial that the notice, in form and substance, as required by section 13, was given to the assured. We are of the contrary opinion. In the case of the *Supreme Lodge Knights of Honor v. Bertha Dalburgh,* 138 Ill., 508, it appears that the assured, Isaac Dalburgh, became a member of one of the subordinate lodges, and that he was suspended for failure to pay an assessment, no notice having been served on him of the assessment. The Court held that "the evidence failed to show that Dalburgh, the deceased, was notified of either of the assessments for the non-payment of which the appellant claimed he stood suspended at the time of his death. That he could not legally be deprived of his membership in the Order without such notice, is well settled, and not here questioned.

The exceptions to the rejection of the evidence of the

SLOAN *v.* RAILROAD.

defendant were not well taken, and can not be sustained. There is

No error.