BOARD OF EDUCATION v. MAKELY.

(Filed September 12, 1905).

*Action to Remove Cloud on Title—Swamp Lands—Burden of the Issue—Burden of Proof—Harmless Error—Instructions.*

1.  An exception to the admission of evidence which, if irrelevant, was harmless, is without merit.

2.  In an action brought by plaintiffs for the purpose of having vacated and cancelled a grant issued to the defendant upon the ground that the land was not the subject of entry and grant as it was swamp land and was vested in the plaintiffs under section 2506 of the Code, an instruction that the jury must be satisfied by the greater weight of the evidence that the land described in the complaint is swamp land before they could find for the plaintiffs, was proper, though the plaintiffs were in possession of the land when the suit was commenced.

3.  The distinction between the burden of the issue and the burden of proof is that the burden of the issue, that is the burden of proof in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again.

4.  Where a party requests the court to charge the jury that if they believe the evidence they should answer the issue in his favor, the adverse party is entitled to have the evidence considered most strongly in his favor and all facts which it reasonably tends to prove for him must be considered established, and any part of the evidence which tends to disprove the contention must be taken as true, as in case of a demurrer to evidence or motion to nonsuit, and where the evidence on the issue was not all one way, the instruction was not a proper one.

ACTION by State Board of Education and another against M. Makely, heard by *Judge William A. Hoke* and a jury,

at the May Term, 1904, of the Superior Court of HYDE County. From a judgment for the defendant, the plaintiffs appealed.

This suit was brought for the purpose of having vacated and cancelled a grant issued by the State to the defendant in 1888 for 176½ acres of land, upon the ground that the land was not the subject of entry and grant, as it was swamp land and was vested in the plaintiff, the State Board of Education, who had conveyed the same to its co-plaintiff, The Alleghany Company, and therefore the grant was a cloud on the title of said company. Issues were submitted to the jury which, with the answers thereto, are as follows: 1. Are plaintiffs the owners and in possession of the land set out and described in the complaint and referred to in the answer as the land contained in an alleged grant to defendant? 2. Does defendant wrongfully assert title to said land under a grant from the State, of date 1888, thereby putting a cloud on plaintiff's title? 3. Is the defendant the owner and in possession of said land? Yes. 4. Do plaintiffs wrongfully assert title to said land under the deeds exhibited from Clark to Brooks and Leach, and from Scranton Company to Alleghany Company, thereby putting a cloud on defendant's title, and also under deed from State Board of Education to Alleghany Company? Yes.

Plaintiffs opened the case and introduced much evidence tending to show that the land in controversy is swamp land, and some of the defendant's witnesses testified to the same effect. Charles Polson, one of plaintiffs' witnesses, testified that it was low boggy swamp, covered with water moss, and in order to contradict him, and also perhaps to show that it was not swamp land, the defendant's counsel was permitted on cross-examination to ask the witness if the land in dispute was not naturally drained through the Bishop tract, which lay between it and the creek and which is high and dry land and cultivated as a farm. The answer of the witness tended to

show that the Bishop land adjoined the tract described in the complaint and lay between it and Broad Creek and that a ridge of that tract is under cultivation; that it is high land and tillable, and only that part of it is dry and used as a farm, and the ridge is the only part that could be cultivated. The other facts are stated in the opinion.

*Small & McLean* and *Rodman & Rodman* for the plaintiffs.

*W. M. Bond* for the defendant.

WALKER, J., after stating the facts: Whether it was not relevant for defendant to show by the witness, Polson, the general topography of the country immediately surrounding the tract in dispute or the conformation of contiguous tracts, as bearing upon the character of the tract in question, and whether this evidence is of the same class as that excluded in *Warren v. Makely,* 85 N. C., 12; *Bruner v. Threadgill,* 88 N. C., 365, and *Waters v. Roberts,* 89 N. C., 145, where a comparison was attempted to be made between the tract in suit and other adjoining tracts for the purpose of determining the value of the former, we need not decide, as it is quite sufficient to hold, as we do, that if the evidence was irrelevant it was harmless. Indeed all the advantage of the answer to the question was with the plaintiffs. It is apparent from the form of the question, the defendant's counsel was attempting to prove that the natural drainage of the land in dispute was over the Bishop tract, as plaintiffs' own witness, J. H. Wahab, had previously testified. But defendant's counsel got, as an answer to his question, not only what he did not want or expect, but something quite the reverse of it, and therefore the evidence made in favor of the plaintiffs. Besides, it would seem relevant to the issue to show that the Bishop tract lay between this land and the creek, the natural outlet for the drainage of lands in the vicinity, and that on

it there was arable land or a farm. It may not have been conclusive or even strong evidence as to the true character of the land in dispute, but as a circumstance it perhaps constituted some evidence tending to show that it was not swamp land. We put our decision, however, on the ground that the evidence was harmless and overrule the exception.

The plaintiffs assign as error His Honor's instruction that the jury must be satisfied by the greater weight of the evidence that the land described in the complaint is "swamp land," before they could find for the plaintiffs, thereby placing the "burden of proof" upon them. We think this was a proper instruction, under the pleadings and the facts of this case. Plaintiffs allege that they are the owners of this tract because it is swamp land. The Board of Education (as successor to the President and Directors of the Literary Fund, Const., Art. IX., sec. 10; Code, sec. 2506), could not establish any right or title to the land by virtue of the statute, (Rev. Code, sec. 66; Const., Art. IX., sec. 10; Code, sec. 2506), investing it with the title to the "swamp lands" in the State as a part of the trust property to be held by it for the benefit of education, unless it could show that the lands claimed by it were of that description. Could a plaintiff resting his right to the title or possession of land on a deed conveying, or a will devising, to him the swamp land in a certain larger tract described therein, recover any part of the land without showing that it comes within the particular description of the deed or will? The Board does not acquire title, by virtue of the statute, to all of the lands of the State, but only to its "swamp lands."

It is alleged in the complaint and virtually admitted in the answer that the plaintiff, the Alleghany Company, is in possession of the land claiming under a deed from the Board of Education, who asserted title to the land, under the statute, as swamp land. Assuming that this possession is presumed to be rightful and is sufficient, generally, to present a

*prima facie* case, and to compel the defendant "to go forward" with his proof or take the risk of an adverse verdict of the jury, or an adverse ruling of the court as to the law, we yet think as the plaintiffs further allege that they derived title to the land under the statute, by reason of the fact that it is swamp land and in no other way, they should be required to take the burden of establishing this fact, so essential to the successful maintenance of their suit. This is not an action to recover the realty, but is brought for the avowed purpose of removing a cloud from the plaintiffs' alleged title and for that purpose to have vacated and cancelled the grant issued by the State to the defendant. Plaintiffs are therefore, as we have said, the actors, and they allege the affirmative of the issue to be the truth of the matter. *McCormick v. Monroe,* 46 N. C., 13. The mere fact that plaintiffs had possession of the land when the suit was commenced does not materially affect the question under discussion. The burden of the issue was upon them from the beginning to the close of the case, although the burden of proof may have shifted during the trial from one side to the other and even repeatedly back and forth. The distinction between the burden of the issue and the burden of proof is thus stated by an eminent law writer: "The burden of the issue, that is the burden of proof in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a *prima facie* case or presumption in favor of the second

party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if, upon the whole evidence, he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced." 1 Elliott on Ev., 139. In the next section (140), Judge Elliott illustrates the doctrine by putting the very case we have here, and citing *Fitzgerald v. Goff*, 99 Ind., 28, in which it appeared that the plaintiff below (defendant in error or appellee), Eliza Goff, brought the suit for the purpose of removing a cloud from her title, alleging that she was the owner of the premises under a good and perfect title, but that the defendant claimed an interest and estate therein adverse to hers and praying that they be compelled to show it and that the same be declared void. Defendant Fitzgerald answered, admitting that Eliza Goff once had the title, but alleging, by cross-bill, that she had conveyed it by deed to defendant's assignor and praying that the title so acquired be quieted. Plaintiff Goff, in her answer to the cross-bill, denied the execution of the deed, and the issue tried was whether the deed had been executed. It was held that the burden of the issue was on the defendant, the cross-complainant, throughout the trial, as he was the actor and alleged the affirmative and as the form of the issue so placed the burden. That is in effect and in principle our case, although the position of the parties on the record is reversed, which, however, can make no practical difference. It was also held in that case that the *prima facie* case made by the defendant, by the introduction of proof as to the execution of the deed which authorized it to be read as evidence, did not change the burden of the issue, though it may have affected the burden of proof. In our case the defendant denies the plaintiffs' assertion of title and it therefore was incumbent upon the plaintiff to establish it by a preponderance of evidence for the reasons al-

ready given. A full discussion of the subject will be found in 4 Wigmore on Evidence, ch. 36, secs. 2486, 2488 and 2489, having special reference to the point under discussion. While he says that there is no general solvent for all cases and no one principle, which affords a sure and universal test for determining where the burden rests, which in a general sense must be decided by the nature of the pleadings and form of the issue and the facts peculiar to the case in hand, yet he further says that what he calls the first burden of proof or risk of non-persuasion of the jury rests upon the party, who must, by proving the essential fact involved, ultimately establish the issue in order to succeed in the action. 4 Wigmore on Ev., secs. 2488 and 2489. It may be added that the defendant, who is not the actor, relies upon a State grant regularly issued, and the presumption must be that it passed a good title to the grantee until the contrary is shown. It comes from the sovereign, the origin and source of all titles in this State, and conveyed at least a *prima facie* title, nothing else appearing. *Holloran v. Meisel,* 87 Va., 398; *Clay v. White,* 1 Munf., 162; *Wool v. Saunders,* 108 N. C., 729. We do not mean to say that a grant cannot be attacked collaterally in ejectment, nor directly in a proceeding to have it vacated, upon the ground that the lands described in it were not "vacant or unappropriated" at the time it issued, but when a person asserts its invalidity by reason of that fact and asks that it be vacated, claiming the land by virture of a special grant or donation confining the bounty to lands of a special description, such as "swamp or unappropriated lands," it is incumbent on the donee to show that his grant or donation is for land within the particular description. *Stanmire v. Powell,* 35 N. C., 312. Indeed, in actions of ejectment, it has been said that the fact the lands are not vacant or unappropriated "may be shown," which clearly implies that the proof must come from the party impeaching the grant, *Lovinggood v. Burgess,* 44 N. C., 407; *Strother*

*v. Cathey,* 5 N. C., at p. 164; *Stanmire v. Powell, supra,* for the court could hardly have referred to the burden or duty of "showing" as being upon the grantee, when the fact if shown, would invalidate his own title.  It is not necessary in this connection to discuss the difference between a case where the grant can be assailed collaterally in ejectment, because the land was not vacant at the time it issued, and the court merely declares that it transfers no title (*University v. Sawyer,* 1 N. C., 159; Taylor, 114), and one where it can be attacked only by a direct proceeding, formerly *scire facias* or suit in equity, if any defects or irregularities in the preliminary proceedings or other sufficient and like ground is alleged. *Stanmire v. Taylor,* 48 N. C., 210.  It is enough to declare that the plaintiffs having alleged title in themselves and that defendant's grant is a cloud upon it because, on account of some extrinsic fact, it is void, they must show it, and the ruling of His Honor in this respect was right.

The last objection of the plaintiffs is equally untenable. They requested the court to charge the jury that if they believed the evidence they should answer the issues "yes" or in favor of the plaintiffs.  The evidence as to the character of the land was not all one way.  When such an instruction is requested, the adverse party is entitled to have the evidence considered most strongly in his favor and all facts which it reasonably tends to prove for him must be considered as established, and any part of the evidence which tends to disprove the plaintiffs' contention must be taken as true, as in case of a demurrer to evidence or motion to nonsuit.  The testimony of Makely, Manning, Bishop and Spencer, especially that of the last named witness, tended to show that the land was not of that kind generally called and known as swamp land.  The instruction therefore was not a proper one. It is unnecessary to decide whether the Act of 1891, ch. 302, applies to the defendant's grant which was issued prior to its passage, as plaintiffs' counsel conceded that the court

had charged the jury in accordance with the provisions of that act. The provisions of section 2527 of The Code did not apply to the case unless the plaintiffs showed that the land was a swamp, for the section refers only to that kind of land. His Honor charged correctly in regard to the presumption created by that section of The Code, and we can discover no error in the remaining portions of the charge to which the plaintiffs' other exceptions were taken. They are covered by what has already been said and require no separate discussion, except the one relating to the manner of answering the issues. This depended, as His Honor told the jury, upon how they should answer the first issue. If they found that the land was swamp land, when the grant was taken out, and consequently answered the first issue "yes," it followed logically that they should answer the other issues in favor of the plaintiffs, but if they found the other way and answered the first issue "no," they should for the same reason answer the other issues, as they did, in favor of the defendant, and the court so instructed them. The charge was very full and clear and the law applicable to the different aspects of the case was in every particular correctly stated.

No Error.

HOKE, J., did not sit on the hearing of this appeal.