## SHEPARD v. TELEGRAPH COMPANY.

(Filed December 4, 1906).

*Telegraphs—Delay in Delivery—Presumption of Negligence —Burden of Proof—Mental Anguish—Elements of Damage—Jurors' Own Feelings—Evidence—Presumption of Mental Anguish—Proof in Aid of Presumption.*

1. In an action to recover damages for delay in the delivery of a message, the Court charged the jury, "The message not having been delivered until a week afterwards, the law presumes negligence on the part of the defendant company, but it is not such a presumption as could not be rebutted. But it requires proof on the part of the defendant by the greater weight of the evidence that it. did exercise due care in the effort to deliver the message." The first paragraph was correct, the latter incorrect.

2. The party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if, upon the whole evidence, he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced.

3. In an action to recover damages for mental anguish on account of the delay in the delivery of a telegram, an instruction on the issue of damages that the jury had "a right to take into consideration their own feelings" was erroneous, as a jury has no right to do more than give the plaintiff recompense for the anguish he suffered from the negligence of the defendant—the amount to be determined, not by their own feelings, but by the evidence.

4. It was competent for the plaintiff to testify that he was greatly grieved and it almost killed him because he could not be at his father's deathbed and funeral.

5. The fact that mental anguish is presumed where close relationship exists, does not exclude the more direct proof by the plaintiff's own testimony.

ACTION by D. M. Shepard against Western Union Telegraph Company, heard by *Judge M. H. Justice* and a jury, at the May Term, 1906, of the Superior Court of HENDERSON. From a judgment for plaintiff the defendant appealed.

*Holmes & Valentine* and *B. A. Justice* for the plaintiff.
*Merrick & Barnard* for the defendant.

CLARK, C. J.    The Court charged the jury: "The message not having been delivered until a week afterwards, the law presumes negligence on the part of the defendant company, but it is not such a presumption as could not be rebutted.    But it requires proof on the part of the defendant by the greater weight of the evidence that it did exercise due care in the effort to deliver the message."    The first paragraph was correct, the latter incorrect.

The burden of the issue as to negligence was upon the plaintiff.    If no evidence had been offered in rebuttal, the Court might have told the jury that if they believed the evidence, to answer that issue "Yes."    But when evidence was offered in rebuttal it was not incumbent upon the defendant to prove it by a preponderance of testimony, but upon all the testimony it was the duty of the plaintiff to satisfy the jury by a preponderance of the evidence that the defendant was guilty of negligence.    This has been recently discussed. *Board of Education v. Makely,* 139 N. C., 35, citing a very apposite passage from 1 Elliott Ev., sec. 139:

"The burden of the issue, that is, the burden of proof, in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again.    Thus, when the actor has gone forward and make a *prima facie* case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him.    So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a *prima facie* case or presumption in favor of the second party.    But the party

who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if, upon the whole evidence, he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced."

In criminal cases, when a homicide with a deadly weapon is proved or admitted, there is a presumption of law that the killing is murder, and the burden is on the prisoner to prove all matter in mitigation or excuse to the satisfaction of the jury, *State v. Matthews,* 142 N. C., 621; and when a totally independent defense is set up, as insanity, which is really another issue, *State v. Haywood,* 94 N. C., 847, the burden of that issue is on the prisoner. But the burden of the issue as to the guilt of the prisoner, except where the law raises a presumption of law as distinguished from a presumption of fact, remains on the State throughout, and when evidence is offered to rebut the presumption of fact raised by the evidence, the burden is still on the State to satisfy the jury of the guilt of the prisoner upon the whole evidence. Notably, when the prisoner offers proof of an *alibi,* for example, which goes to the proof of the act. *State v. Josey,* 64 N. C., 56.

Nor can we approve his Honor's instruction that the jury had "a right to take into consideration their own feelings." If this was correct, damages would depend not upon evidence, but upon the difference in the feelings of the individuals composing a jury. A jury has no right to do more than give the plaintiff a fair recompense for the anguish he suffered from the negligence of the defendant, the amount to be determined, not by their own feelings, but by the evidence. *Cashion v. Tel. Co.,* 124 N. C., 459.

The plaintiff testified that he was greatly grieved and it almost killed him because he could not be at his father's deathbed and funeral. This evidence was competent. It is

true that where close relationship exists mental anguish is presumed, but this does not exclude the more direct proof by the plaintiff's own testimony. In *Thompson v. Tel. Co.,* 107 N. C., 456, a similar exception was said to be "without merit." See also *Hunter v. Tel. Co.,* 135 N. C., 465, where it is said that mental anguish "is a matter of proof, and may be inferred from all the surrounding circumstances, as well as the personal testimony of the plaintiff." In *Harrison v. Tel. Co., ante, Brown, J.,* says that "the condition of the mind is as susceptible of proof as the state of the digestion, and can be proved by the personal testimony of the sufferer." But for above errors in the charge there must be a

New Trial.