CLARK, C.J., and HOKE, J., dissenting, arguendo.
Defendant appealed. The facts are stated in the opinion.
The plaintiff, who was an employee of the defendant and rightfully on one of the trains operated by it, was injured by a derailment of the train. The court charged the jury, with reference to the effect of the derailment as evidence of negligence, in the following words:
"1. When it is shown that a derailment has occurred on such a road and that injury was caused by such derailment, the law presumes the derailment to have resulted from the negligence of the defendant, and the burden shifts to the defendant to show that it did not so occur, and the defendant may rely upon the plaintiff's evidence, or upon a failure of evidence, to remove this presumption.
"2. If it appears from the evidence that the track was in good condition and the speed not excessive, considering the kind of road this was, *Page 205 
and the evidence of this preponderates and overcomes the presumption raised by the fact of derailment, and that the derailment was the result of negligence, the jury will answer the first issue `No'; otherwise, `Yes.'
The defendant excepted to each of these instructions.
We think the court placed too great a burden upon the defendant, and the charge seems to be in conflict with several decisions of this Court.
The burden of the issue does not shift, but the burden of proof may shift from one party to the other, depending upon the state of the evidence. When the plaintiff introduces testimony in a case of this kind to the effect that the injury to him was caused by the derailment of a train, it is sufficient to carry the case to the jury; but the burden of the issue remains with the plaintiff, though the burden of proof may shift to the defendant in the sense that if he fails to explain the (277) derailment by proof in the case, either his own or that of the plaintiff, he takes the chance of an adverse verdict, for then the jury may properly conclude that the plaintiff has established the affirmation of the issue as to negligence by the greater weight of the testimony. But the defendant is not required to overcome the case of the plaintiff by a preponderance of the evidence. In 1 Elliott on Evidence, 139, the rule is thus stated: "The burden of the issue — that is, the burden of proof in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence — never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a prima facie case, the other party is compelled in turn to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a prima facie case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if upon the whole evidence he does not have a preponderance, no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced." The question has been so recently and so fully considered by us that much further discussion would be useless. Board of Education v. Makely, 139 N.C. 31; Overcashv. Electric Co., 144 N.C. 572; Shepard v. Tel. Co., 143 N.C. 244;Ross v. Cotton Mills, 140 N.C. 115; Stewart v. Carpet Co.,138 N.C. 60: Womble v. Grocery Co., 135 N.C. 474; Stanford v. GroceryCo., 143 N.C. 419; Furniture Co. v. Express Co., 144 N.C. 644. *Page 206 
If the plaintiff proves a fact which raises a prima facie or presumptive case of negligence or which entitles him to have the issue (278) submitted to the jury, the burden of proof may shift to the defendant, but he is not required to make the evidence preponderate in his favor. Shepard v. Tel. Co., supra. He may introduce evidence himself or rely upon that of the plaintiff to defeat the plaintiff's recovery, but the jury must be instructed that, giving due weight to the primafacie case or the presumption or to the fact proved by the plaintiff which carries the issue to the jury for their determination, the plaintiff must in the end establish the issue in his own favor by the greater weight of the testimony; and for this reason it is said that the burden of the issue is always upon him. It is erroneous to require the defendant to overcome by a preponderance of the evidence the case made by the plaintiff, even though the latter may be entitled by reason of the proof he has offered to have the issues submitted to the jury with proper instructions from the court.
New trial.