Action for injuries to land caused by the negligent burning of the timber thereon. The fire, plaintiff alleged, originated from sparks emitted from one of the defendant's engines, which had a defective smokestack and spark arrester. It is the same fire and same engine that caused the injuries for which the plaintiff, in Williams v. Camp Mfg. Co.,177 N.C. 512, recovered a judgment for damages, which was affirmed by this Court, as will appear from the reported case, supra, and after a careful study and comparison of the two cases we have been unable to discover any substantial difference in respect of the facts between them. Mr. Stevens argued the case for the defendant very ably, and contended that there was some difference in the facts of the two cases, but our investigation has irresistibly led us to the opposite conclusion, and we find no such difference in the essential facts. The *Page 331 
same principles which applied there are also applicable to this case, but there is an error in the charge of the court which prejudiced the defendant.
There was evidence that defendant's engine set out the sparks which started the conflagration, and thereby damaged plaintiff's timber and lands. It was not very strong or conclusive in its nature or its force, but rather inconclusive, and yet we cannot say there was no evidence of the fact in issue. The remedy for the false verdict, if it was false, was an application to the judge for relief by setting aside the verdict, as being against the clear preponderance of the testimony, and we presume this course was taken, and failed to have the desired effect. While the evidence presented a strong case for the exercise of the power which resides in the judge, we cannot review the ruling by which he refused to disturb the verdict on this ground. It must therefore stand, unless there be reversible error in law, and we think there was such error.
Instead of charging the jury that when plaintiff made out a prima facie
case it was incumbent upon defendant to go forward with its evidence or take the risk of an adverse verdict, the court placed the burden upon the defendant to satisfy the jury by a preponderance of the evidence that it was not negligent. This was stating the principle of law much too strongly, and no doubt may have caused the jury to miscarry in their verdict upon the facts. We have repeatedly stated the true rule as formulated by this and other Courts. The present Chief Justice expressed it very clearly and tersely in Shepard v. Tel. Co., 143 N.C. 244 where he held that though plaintiff has shown a prima facie case of negligence, it may be rebutted, but it is not necessary that the rebutting evidence of the defendant should preponderate, as the burden remains with the plaintiff throughout the case to establish negligence. He makes an apt quotation from 1 Elliott on Ev., sec. 137, which we approved, as follows: "The burden of the issue, that is, the burden of proof, in the sense of ultimately proving or establishing the issue or case of the party upon whom such burden rests, as distinguished from the burden or duty of going forward and producing evidence, never shifts, but the burden or duty of proceeding or going forward often does shift from one party to the other, and sometimes back again. Thus, when the actor has gone forward and made a prima facie case, the other party is in turn compelled to go forward or lose his case, and in this sense the burden shifts to him. So the burden of going forward may, as to some particular matter, shift again to the first party in response to the call of a primafacie case or presumption in favor of the second party. But the party who has not the burden of the issue is not bound to disprove the actor's case by a preponderance of the evidence, for the actor must fail if upon the whole evidence he does not have a preponderance, *Page 332 
no matter whether it is because the weight of evidence is with the other party or because the scales are equally balanced." And the Chief Justice
then likens the principle to that prevailing in criminal cases by this very clear illustration. We quote his language: "The burden of the issue as to the guilt of the prisoner, except where the law raises a presumption of law as distinguished from a presumption of fact, remains on the State throughout, and when evidence is offered (by defendant) to rebut the presumption of fact raised by the evidence (of the State), the burden is still on the State to satisfy the jury of the guilt of the prisoner upon the whole evidence. Notably, when the prisoner offers proof of an alibi, for example, which goes to the proof of the act. S. v. Josey, 64 N.C. 56." He also says in that case that, "The burden of the issue as to negligence was upon the plaintiff. If no evidence had been offered in rebuttal, the court might have told the jury that if they believed the evidence to answer the issue `Yes.' But when evidence was offered in rebuttal, it was not incumbent upon the defendant to disprove plaintiff's case by a preponderance of testimony, but upon all the testimony it was the duty of the plaintiff to satisfy the jury by a preponderance of the evidence that the defendant was guilty of negligence. This has been recently discussed," citing Board of Education v. Makely, 139 N.C. 35.
This would seem to be entirely sufficient to show the error of the learned judge in his charge, but the question has formerly been considered by this Court in Stewart v. Carpet Co., 138 N.C. 60, which has been approved and quoted from in Sweeny v. Erving, 228 U.S. 233, to this effect: There was much discussion by counsel of the doctrine of res ipsaloquitur and its relevancy to the facts of this case. "The thing speaks for itself" is a principle applied by the law where, under the circumstances shown, the accident presumably would not have occurred, in the use of a machine, if due care had been exercised, or, in the case of an elevator, when in its normal operation after due inspection. The doctrine does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury, which requires the defendant "to go forward with his proof."
"The rule of res ipsa loquitur does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator, attributable to the defendant's negligence. The law attaches no special weight, as proof, to the fact of an accident, but *Page 333 
simply holds it to be sufficient for the consideration of the jury, even in the absence of any additional evidence." Womble v. Grocery Co.,135 N.C. 474; 2 Labatt on Master and Servant, sec. 834; 4 Wigmore on Evidence, sec. 2509. In all other respects the parties stand before the jury just as if there was no such rule. The judge should carefully instruct the jury as to the application of the principle, so that they will not give to the fact of the accident any greater artificial weight than the law imparts to it. Wigmore, in the section just cited, says the following considerations ought to limit the doctrine of res ipsa loquitur: (1) The apparatus must be such that in the ordinary instances no injurious operation is to be expected, unless from a careless construction, inspection, or user; (2) both inspection and user must have been, at the time of the injury, in the control of the party charged; (3) the injurious occurrence must have happened irrespective of any voluntary action at the time by the party injured. He says further that the doctrine is to some extent founded upon the fact that the chief evidence of the true cause of the injury, whether culpable or innocent, is practically accessible to the party charged, and perhaps inaccessible to the party injured. What are the general limits of the doctrine, and what is the true reason for its adoption, we will not now undertake to decide. It is established in the law as a rule for our guidance, and must be enforced whenever applicable, and to the extent that it is applicable to the facts of the particular case.
It was said in Sweeney v. Erving, 228 U.S. 233-240: "In our opinion,res ipsa loquitur means that the facts of the occurrent warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."
Kay v. Metropolitan St. Ry. Co., 163 N.Y. 447, was an action by passenger against carrier, and the New York Court of Appeals said (p. 453): "In the case at bar the plaintiff made out her cause of action prima facie
by the aid of a legal presumption (referring to res ipsa loquitur), but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff. . . . If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer, and not her adversary. *Page 334 
The jury were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff. If, on the whole, the scales did not preponderate in favor of the presumption and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof." The rule thus declared has since been adhered to in the Courts of New York. Hollahan v. Metropolitan St. Ry. Co., 73 N.Y. App. Div., 164, 169; Adams v. Union Ry. Co., 80 N.Y. App. Div., 136, 139; Dean v.Tarrytown, etc., R. Co., 113 N.Y. App. Div., 437, 439. A similar view appears to be entertained in New Hampshire. Hart v. Lockwood,66 N. H., 541; Boston Maine R. Co. v. Sargent, 72 N. H., 455, 466. The same rule has been followed in a recent series of cases in the North Carolina Supreme Court. Womble v. Grocery Co., 135 N.C. 474, 481, 485; Stewart v. CarpetCo., 138 N.C. 60, 66; Lyles v. Carbonating Co., 140 N.C. 25, 27; Ross v.Cotton Mills, 140 N.C. 115, 120; 1 L.R.A. (N.S.), 298, 301." And again: "The general rule in actions of negligence is that the mere proof of an `accident' (using the word in the loose and popular sense) does not raise any presumption of negligence; but in the application of this rule it is recognized that there is a class of cases where the circumstances of the occurrence that has caused the injury are of a character to give ground for a reasonable inference that if due care had been employed by the party charged with the care in the premises the thing that happened amiss would not have happened. In such cases it is said, res ipsa loquitur — the thing speaks for itself; that is to say, if there is nothing to explain or rebut the inference that arises from the way in which the thing happened, it may fairly be found to have been occasioned by negligence. The doctrine has been so often invoked to sustain the refusal by trial courts to nonsuit the plaintiff or direct a verdict in favor of the defendant, that the application of the rule, where it does apply, in raising a question for the jury, and thus making it incumbent upon the defendant to adduce proof if he desires to do so, has sometimes been erroneously confused with the question of the burden of proof." To which may be added, S. v. Wilkerson,164 N.C. 432, and the cases therein cited, and Cox v. R. R., 149 N.C. 117;Aycock v. R. R., 89 N.C. 331 (Anno. Ed.); Knott v. R. R., 142 N.C. 242 (the last three being for burning timber); Shaw v. Public Service Co.,168 N.C. 611, and Ridge v. R. R., 167 N.C. 510, the last case having been affirmed by the Supreme Court of the United States, upon a writ of error to this Court. *Page 335 
The result of all the decisions upon the question is that the plaintiff's prima facie showing merely carries the case to the jury, and upon it alone they may decide for him, but they are not compelled to do so, and whether there is evidence on both sides, or only on the plaintiff's, the latter has the burden of proving negligence.
Such, we think, is the view generally taken of the matter in all well considered judicial opinions.
It will be seen, therefore, that the rule as to the burden of proof is well settled with us against the charge by the judge to the jury in this case, and for this error there must be another trial.
It is true that expressions are to be found in some of our cases, filtered there from two or three cases based on the English rule, which justified his Honor's charge, but since they were decided we have adhered to the true and correct rule, which is stated in Stewart v. Carpet Co.,supra; Womble v. Grocery Co., supra; Cox v. R. R., supra; Shepard v. Tel.Co., supra, and many other cases, and which we have applied in this case, the substance of which is that the burden to prove his case is always on the plaintiff, whether the defendant introduces evidence or not. Where we have said "it is the duty of the defendant to go forward with his proof," it was only meant in the sense that if he expects to win it is his duty to do so or take the risk of an adverse verdict, and not that any burden of proof rested upon him. He pleads no affirmative defense but the general issue, and this puts the burden throughout the case on the plaintiff, who must recover, if at all, by establishing his case by the greater weight of evidence. The Supreme Court of the United States has so stated the rule, and it referred with approval to our cases above cited. We say this much again, in the hope that the rule, as we have stated it, may hereafter be considered as the correct one.
The other exceptions, while earnestly presented before us, need not be considered, as they are without any merit.
New trial.