CLARK, C. J., dissenting.
Civil action. Plaintiff alleged and offered evidence tending to show that in October, 1921, he shipped a carload of high-grade cattle over defendant's road consigned to himself at Marshville, N.C. and the car containing the cattle was destroyed by fire when the same was on a station siding at Rockingham, N.C. and some of the cattle were killed and others seriously injured. That the fire was caused by sparks from the engine of another freight train of the company passing the station at the time, and the injury was due to defendant's negligence. There was denial of negligence on part of defendant or any liability arising therefrom and the cause was submitted to the jury, the questions determined in the following issues:
1. Were the cattle of plaintiff killed and injured by reason of the negligence of defendant, as alleged in the complaint? Answer: Yes.
2. What damages, if any, is plaintiff entitled to recover? Answer: $7,500.
C. (As to the negligence alleged, if the jury find from the evidence and by its greater weight that the cattle were injured while in the custody of the railroad company, the burden of proof is on the railroad company to exculpate itself. In a shipment of livestock the burden is on the railroad company to show that injuries in transportation were not caused by its negligence.) D.
To that portion of his Honor's charge in parentheses between the letters C and D the defendant objects and excepts.
E. (The jury are instructed that if the plaintiff has satisfied them by the greater weight of the evidence that it delivered to the Seaboard Air Line Company at Raleigh, North Carolina, a carload of cattle in good order and condition to be transported by said railroad company to Marshville, N.C. and that said cattle were injured by burning while *Page 8 
in the car of the railroad company at Rockingham, North Carolina, then the plaintiff has made out a prima facie case of negligence.) G.
To that portion of his Honor's charge in parentheses between the letters E and G the defendant objects and excepts.
And the jury are further instructed that the origin may be established by circumstantial evidence, and that it is not necessary that any witness should testify that he saw sparks coming from the engine. H. (If the jury find from the evidence, and by the greater weight thereof, that the plaintiff's cattle were delivered to the defendant at Raleigh, North Carolina, in good order and condition, and that they were injured by it at Rockingham, North Carolina, then the law raises the presumption that the said cattle were injured as a result of the negligence of the defendant railroad company, and if the jury so find it is not necessary that the plaintiff point out to the jury the particular acts of negligence causing the fire, but the burden of proof rests on the defendant railroad company to show that it was not guilty of any negligence, and unless the defendant has so satisfied the jury they should answer the first issue Yes.) I.
To that portion of his Honor's charge in parentheses between the letters H and I the defendant objects and excepts.
There was judgment on the verdict for the plaintiff and the defendant company appealed assigning, among other errors, the portion of the charge above stated.
For reasons satisfactory to himself, no doubt owing to certain stipulations of the bill of lading restrictive of the amount recoverable on any other theory, plaintiff has elected to prosecute his claim on the ground of negligence, and the cause has been heard and determined throughout on that issue. Considering the case then, in that aspect, there is error in the charge appearing in the above exceptions in that they place on the defendant company, under the conditions suggested, the burden of disproving negligence and thereby changing the burden of the issue to defendant's prejudice. A charge substantially similar was held for reversible error in a case at the present term of McDowell v. R. R.,186 N.C. 571, in which it was held as follows: "Upon conflicting evidence as to whether defendant railroad company's train, in passing the plaintiff's premises adjoining the right of way over which it passed, set afire and destroyed the plaintiff's dwelling, the finding of the fact by the jury that the fire was caused by sparks from the train is only sufficient evidence upon which the jury *Page 9 
may find the issue of negligence in the plaintiff's favor, and does not relieve him of the burden to establish the issue of negligence by a preponderance of the evidence." "Where the burden of the issue remains upon the plaintiff to show negligence of the defendant railroad company in causing him damage by setting fire to his property by the passing of its train, with a defective spark-arrester, it is reversible error for the trial judge to charge the jury that if they found the fire was caused by sparks from the defendant's locomotive, the burden of the issue would shift to it to disprove its negligence as the cause of the damage, the plaintiff's evidence being sufficient only to sustain a verdict on the issue, if rendered in the affirmative."
And speaking to the question in the opinion the Court said:
"The question presented has been the subject of extended discussion in this Court, and there has been some variety of decision concerning it, but it is the settled ruling of the later and prevailing cases that where it is shown that the property of a claimant has been destroyed by fire communicated from defendant's train, that will make a prima facie case carrying the issue of liability to the jury, and of itself and without more is sufficient to justify a verdict as for a negligent wrong."
"In numbers of cases, particularly of the former time, it is said that the facts suggested raise a presumption of negligence, but, as shown inOvercash v. Electric Co., 144 N.C. 572-582, and other cases, it is but evidence and termed presumptive only in the sense as stated, that it permits and justifies an inference of liability if the jury are thereby satisfied that a negligent wrong is established, and it should never have the effect of changing the burden of the issue by putting on the defendant, as was done in the present instance, the burden of disproving the negligence charged by the greater weight of the evidence."
"Again, it is said in other decisions that when the facts suggested have been made to appear, it is the duty of the defendant to go forward with his proof; but this does not at all mean that, as a matter of law, defendant is required to offer proof in rebuttal, but only that if he fails to offer evidence in explanation of the conditions presented, he takes the risk of having a valid verdict rendered fixing him with liability."
And White v. Hines, 182 N.C. 276; Page v. Mfg. Co., 180 N.C. 330-334;State v. Wilkerson, 164 N.C. 432; Brock v. Ins. Co., 156 N.C. 112;Cox v. R. R., 149 N.C. 117; Winslow v. Hardwood Co., 147 N.C. 275;Overcash v. Electric Co., 144 N.C. 572; Stewart v. Carpet Co., 138 N.C. 60;Womble v. Grocery Co., 135 N.C. 474; Sweeney v. Erving,228 U.S. 233, are in full approval of the position. As stated in theMcDowell case, supra, there has been some confusion in the application of the true principle, under the conditions suggested, growing chiefly out of the unfortunate use of the terms "presumption of *Page 10 
fact," "burden of proof," "changing," "duty of defendant to go forward," etc. A very intelligent and helpful comment on these and other like expressions appears in the valuable "Handbook on the Law of Evidence," by Prof. Lockhart, at sec. 228, and showing, among other things, as applicable to the question as usually presented in these cases, that there is not presumption of fact in any proper sense of the term, but only permissible inferences of fact if the jury see proper to adopt them. And in cases of the kind suggested on an issue of negligence of defendant, the burden of the issue is upon the plaintiff, but where it appears that goods have been shipped with a common carrier in good condition and have been lost or delivered in an injured condition, or where claimant's property has been destroyed or injured by fire communicated from defendant's engine or train, or where one, a passenger or employee, has been killed or injured by a collision or derailment of trains, and these basic facts are established by the greater weight of the evidence, a proper charge would be that they constitute or present a prima facie case, carrying the question of liability to the jury on the issue and without more justifying the inference of negligence if the jury so find.
For the error indicated defendant is entitled to a new trial and it is so ordered.
Error.