SADIE FANNIE WILLIAMS v. PHILADELPHIA LIFE INSURANCE COMPANY.

(Filed 24 November, 1937.)

**1. Insurance § 30c—Burden of proving that policy was in effect on date of insured's death is on plaintiff beneficiary.**

Where plaintiff beneficiary alleges that the policy was in full force and effect at the time of the death of insured, and insurer denies the allegation and alleges that the policy had lapsed for nonpayment of premiums, the burden of proof upon the issue of whether the policy was in full force and effect at the date of the death of insured is on plaintiff, and while the burden of going forward with the evidence to avoid hazarding an adverse verdict may shift to insurer upon the establishment of a *prima facie* case by plaintiff, an instruction placing the burden of proof on insurer upon the issue is error entitling insurer to a new trial.

**2. Evidence § 6—Distinction between burden of proof and burden of going forward with the evidence.**

While the burden of going forward with the evidence to avoid the hazard of an adverse verdict may shift from side to side, according to the nature and strength of the proofs offered in support or denial of the main fact in issue, the burden of proof on the issue rests constantly throughout the trial upon the party, plaintiff or defendant, who asserts and must establish the affirmative thereof in order to prevail.

**3. Evidence § 8—Burden of proving affirmative defenses is on defendant.**

The defendant has the burden of establishing all affirmative defenses, and what are affirmative defenses may be determined from the pleadings in most cases, and in others by presumptions arising from the evidence adduced on the hearing or from admissions made during the trial.

**4. Appeal and Error § 39g—**

The burden of proof is a substantial right, and an erroneous placing of the burden is reversible error.

APPEAL by defendant from *Spears, J.,* at second March Term, 1937, of WAKE.

Civil action to recover on policy of life insurance.

On 26 October, 1921, the defendant issued and delivered to William F. Williams a policy of life insurance in the principal sum of $1,000, payable to plaintiff as beneficiary at death of insured, which occurred 28 July, 1935.

Plaintiff alleges that the policy was in full force and effect at the death of insured. This is denied by the defendant, it being alleged that the policy had lapsed for nonpayment of premiums on 26 October, 1931.

The case was submitted to the jury upon the following controverted issue:

"3. Was the insurance policy sued upon in full force and effect on the date of the death of the insured, as alleged in the complaint?"

Upon this issue the court instructed the jury: "The burden of proof is upon the defendant in this issue to offer evidence to satisfy you by the greater weight thereof that this policy was not in full force and effect on that date. (Exception.) . . . The burden is not upon the plaintiff in this case but upon the defendant. (Exception.) . . . If the plaintiff has simply satisfied you without having any burden . . . it would be your duty to answer the issue 'Yes.' " Exception.

The jury answered the issue in the affirmative, and from judgment on the verdict defendant appeals, assigning errors.

*Walter L. Spencer and D. Staton Inscoe for plaintiff, appellee.*
*Dupree & Strickland for defendant, appellant.*

STACY, C. J. Under the pleadings and the form of the issue submitted to the jury, the burden of proof was on the plaintiff to make out her case. It is conceded that a *prima facie* right of recovery was established by her evidence. *Williamson v. Ins. Co., ante,* 377. The duty of meeting this *prima facie* case, in order to avoid hazarding an adverse verdict, was then cast upon the defendant. *Lyons v. Knights of Pythias,* 172 N. C., 408, 90 S. E., 423; *Harris v. Junior Order,* 168 N. C., 357, 84 S. E., 405; *Wilkie v. National Council,* 147 N. C., 637, 61 S. E., 580; *Doggett v. Golden Cross,* 126 N. C., 477, 36 S. E., 26. This, however, did not change the burden of proof or the burden of the issue. *Brock v. Ins. Co.,* 156 N. C., 112, 72 S. E., 213.

The burden of the issue does not shift, but the duty of going forward with evidence, to avoid the hazard or chance of an adverse verdict, may shift from side to side as the case progresses, according to the nature and strength of the proofs offered in support or denial of the main fact in issue. *White v. Hines,* 182 N. C., 275, 109 S. E., 31; *Winslow v. Hardwood Co.,* 147 N. C., 275, 60 S. E., 1130. The burden of proof continues to rest upon the party who, either as plaintiff or defendant, affirmatively alleges facts necessary for him to prevail in the case. It is required of him who thus asserts such facts to establish them before he can become entitled to a verdict in his favor; and, as to these matters, he constantly has the burden of the issue, whatever may be the intervening effect of different kinds of evidence, or evidence possessing, under the law, varying degrees of probative force. *Smith v. Hill,* 232 Mass., 188.

The defendant, of course, has the burden of establishing all affirmative defenses, whether they relate to the whole case or only to certain issues in the case. As to such defenses, he is the actor and has the

laboring oar. *Austin v. R. R.,* 187 N. C., 7, 121 S. E., 1; *Shepard v. Tel. Co.,* 143 N. C., 244, 55 S. E., 704.

What is and what is not an affirmative defense is not always easy to determine. Sometimes it is to be determined by the pleadings and at others by presumptions arising from the evidence adduced on the hearing or from admissions made during the trial. *Spilene v. Mfg. Co.,* 79 N. H., 326. Here the defendant relies upon a defense, affirmative in form perhaps, but which in reality merely traverses the allegations of the complaint.

It is true that in some of the cases expressions are to be found which may seem to justify the court's charge to the jury, unless confined to the particular fact situations there presented, but "the duty of the defendant to go forward with his proof" is not to be confused with the burden of proof or the burden of the issue. *Page v. Mfg. Co.,* 180 N. C., 330, 104 S. E., 667.

The distinction between the burden of proof and the duty of going forward with evidence was investigated in the case of *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398. Much that was there said would seem to be applicable here.

The rule as to the burden of proof constitutes a substantial right, for upon it many cases are made to turn, and its erroneous placing is reversible error. *DeHart v. Jenkins,* 211 N. C., 314, 190 S. E., 218; *Boone v. Collins,* 202 N. C., 12, 161 S. E., 543; *Hosiery Co. v. Express Co.,* 184 N. C., 478, 114 S. E., 823.

For the error, as indicated, a new trial must be awarded.

New trial.